Fred R. Vasquez (State Bar No. 276870)
fvasquez@wshblaw.com
Christina Loni (State Bar No. 312541)
cloni@wshblaw.com
**WOOD, SMITH, HENNING & BERMAN LLP**
9333 Fairway View Place, Suite 200
Rancho Cucamonga, California 91730-3824
Phone: 909 987 5240 ♦ Fax: 909 987 5230

Attorneys for Defendants ONNI REAL ESTATE IX, LLC and ONNI REAL ESTATE HOLDINGS LTD

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| BRITTANY A. STILLWELL,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CITY OF LOS ANGELES, a municipal entity; ONNI REAL ESTATE IX, LLC, a Delaware limited liability company; ONNI REAL ESTATE HOLDINGS LTD, a Canadian limited corporation; KIMBALL, TIREY & ST. JOHN, LLP, a Louisiana Debt Collection Agency; CHRIS JAMES EVANS, an individual; and DOES 1 through 50 INCLUSIVE,<br><br>　　　　Defendants. | Case No. 2:22-CV-09426-JWH-JC<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT BY DEFENDANTS ONNI REAL ESTATE IX, LLC AND ONNI REAL ESTATE HOLDINGS LTD; MEMORANDUM OF POINTS & AUTHORITIES**<br><br>Date:　　December 5, 2023<br>Time:　　9:30 a.m.<br>Crtrm.:　750<br><br>The Hon. John w. Holcomb<br><br>Trial Date:　　None Set |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT on December 5 at 9:30 a.m., or soon thereafter, in Courtroom 750 of the United States Courthouse for the Central District of California, located at the Roybal Federal Building and United States Courthouse, 255 East Temple Street, Los Angeles, CA, 90012, the Honorable Jacqueline Chooljian, United States District Court Magistrate Judge, presiding, Defendants ONNI REAL ESTATE IX, LLC and ONNI REAL ESTATE HOLDINGS LTD (hereinafter collectively "Onni") will and hereby do move to dismiss the First

29966820.1:10784-1223

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT BY DEFENDANTS ONNI REAL ESTATE IX, LLC AND ONNI REAL ESTATE HOLDINGS LTD

Amended Complaint and accompanying Exhibits (ECF Nos. 47 – 49-3), filed by Plaintiff Brittany Stillwell (Plaintiff) on September 22, 2023, to the extent asserted against Onni.

This Motion is made and requested on the following grounds:

1. The entire First Amended Complaint, as against Onni:

A. The allegations in the First Amended Complaint fail to satisfy Federal Rule of Civil Procedure 8, which requires a claim to contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." *Fed. R. Civ. P.* 8(a)(1), (2); *Fed. R. Civ. P.* 8(d)(1).

B. The form of the First Amended Complaint fails to comply with the Court's September 5, 2023 Order (ECF No. 45.) because it is not a "short and plain" statement of each claim for relief showing that [Stillwell] is entitled to relief, each allegation is not "simple, concise and direct." *Fed. R. Civ. P.* 8(a)(1), (2); *Fed. R. Civ. P.* 8(d)(1); *Fed. R. Civ. P.* 41.

This motion is based on this Notice of Motion; Memorandum of Points and Authorities; the pleadings and papers filed in this action; and such further argument and evidence as may be properly offered at or before the hearing on this motion.

**Local Rule 7-3 Conference:** The parties met and conferred regarding Onni's motion on October 4, 2023. The parties were unable to reach a resolution that eliminates the necessity of a hearing on Onni's motion.

DATED: October 13, 2023        WOOD, SMITH, HENNING & BERMAN LLP

By: _____
FRED R. VASQUEZ
CHRISTINA LONI
Attorneys for Defendants ONNI REAL ESTATE IX, LLC and ONNI REAL ESTATE HOLDINGS LTD

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Brittany Stillwell (hereinafter "Plaintiff") filed her initial complaint in this matter on December 22, 2022. Plaintiff's initial complaint contained 220 pages with 793 paragraphs and an additional 124 pages of included exhibits. Defendants ONNI REAL ESTATE IX, LLC and ONNI REAL ESTATE HOLDINGS LTD (hereinafter collectively "Onni") successfully moved to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure (hereinafter "FRCP"), 8. In granting Onni's Motion, Plaintiff was provided leave to amend and directed to comply with FRCP 8. Upon receipt and review of Plaintiff's First Amended Complaint (hereinafter "FAC"), it is clear that the FAC remains in violation of FRCP 8 and the Court's Order directing Plaintiff to set forth a "short and plain" statement. Not only is the FAC still 185 pages with 729, but there are an additional 144 pages of exhibits.

It would be highly prejudicial and impractical to prepare a substantive response to the FAC on behalf of Onni. Accordingly, for the reasons set forth below, defendants move to dismiss the complaint under FRCP 8.

## II. ANALYSIS

### A. FEDERAL RULE OF CIVIL PROCEDURE 8

FRCP 8(a)(2) requires a pleader to set forth "a short and plain statement of the claim showing the pleader is entitled to relief". *FRCP* 8(d)(1) further requires that "each allegation be simple, concise, and direct." Complaints that violate these requirements of FRCP 8 are subject to dismissal under FRCP 41(b). (*Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011); *McHenry v. Renne*, 84 F.3d 1172, 1177-1180 (9th Cir. 1996); *Hatch v. Reliance Ins. Co.*, 758-F.2d 409, 415 (9th Cir. 1985); *Mevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 673 (9th Cir. 1981).) As aptly explained in *McHenry v. Renne, supra*, at 1179-80:

> Prolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges. As a practical matter, the judge and opposing counsel, in order to perform their responsibilities, cannot use a complaint such as the one plaintiffs filed, and must prepare outlines to determine who is being sued for what. Defendants are then put at risk that their outline differs from the judge's, that plaintiffs will surprise them with something new at trial which they reasonably did not understand to be in the case at all, and that res judicata effects of settlement or judgment will be different from what they reasonably expected.... The judge wastes half a day in chambers preparing the "short and plain statement" which Rule 8 obligated plaintiffs to submit.
>
> ...
>
> Something labeled a complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint.

As a general proposition, length is not by itself a sufficient basis for dismissing a complaint. (*Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008) [holding that an 81-page complaint did not violate Rule 8 because it was logically organized and clearly identified the acts each defendant was alleged to have committed.])

However, the Ninth Circuit has "never held...that a pleading may be of unlimited length and opacity." (*Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011) [distinguishing Hearns on the basis that the complaint at issue was nine times longer than the complaint in Hearns]; *see also Wolf v. Travolta*, No. 2:14-CV-938-CAS VBKX, 2015 WL 1525258, at *2 (C.D.Cal. Apr, 1, 2015) [holding that a 393-page complaint violates the "letter and spirit of the Federal Rules, and would not place the parties, the Court, or a mediator in a position to expeditiously advance the resolution of this litigation".])

As explained by the Ninth Circuit in *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., supra*, an excessively long complaint burdens the adversary with the "onerous task of combing through a 733-page pleading just to prepare an answer that admits or denies such allegations, and to determine what claims and allegations must be defended or otherwise litigated." (*Id.*, 637 F.3d at 1059.) In addition, an excessively

long complaint "prejudices the opposing party and may show bad faith of the movant, both valid grounds to deny leave to amend." (*Id.*)

Accordingly, complaints--such as Plaintiff's, that violate Rule 8 are subject to dismissal by the Court under FRCP 41(b).

The Court typically grants leave to amend to provide the pleader at least one opportunity to comply with FRCP 8. (*Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981) [prior to dismissing the complaint with prejudice,' the court should consider "less drastic alternatives" such as leave to amend or insisting that plaintiff associate counsel.])

Leave to amend may be granted subject to reasonable restrictions. (*Gottschalk v. City & Cty. of San Francisco*, 964 F. Supp. 2d 1147, 1155 (N.D. Cal. 2013).)

## B. ONNI IS ENTITLED TO THE RELIEF REQUESTED BECAUSE PLAINTIFF'S 1,000-PLUS PAGE COMPLAINT VIOLATES FRCP 8.

Plaintiff's complaint unquestionably violates FRCP 8. The complaint is approximately 220 pages long, not including its 124 pages of exhibits, and riddled with vitriolic, unnecessary personal attacks and unsubstantiated allegations. The allegations common to all causes of action include 584 paragraphs with multiple subparts each of which fails to clearly identify the defendant(s) against whom each claim is asserted.

In addition to its sheer length and illogical organization, the FAC is replete with redundancy, argument, conclusions, irrelevant, and other inappropriate matters. Plaintiff does not allege specific facts showing any action or failure by Onni violating Plaintiff's civil rights, or any official pattern or practice of Onni violating Plaintiff's civil rights. Without such particulars, Onni cannot discern the substance of any purported claim against Onni. *Id.* ("[L]ength may make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter.").

Neither the Court nor Onni should be required to wade through the FAC and respond to each of the cumulative, argumentative and vexatious allegations. Accordingly, the FAC should be dismissed.

### C. **THE COMPLAINT SHOULD BE DISMISSED. IF LEAVE TO AMEND IS GRANTED, IT SHOULD BE ON CONDITIONS.**

On this basis, Onni requests an order dismissing Plaintiff's FAC pursuant to FRCP 8(a)(2), FRCP 8(d)(1) and FRCP 41 because Plaintiff's FAC, as drafted, is 220 pages long, is completely incoherent, and is replete with malicious, vitriolic, irrelevant, and inflammatory allegations, all of which without reasonable basis or cause, in violation of law.

Notwithstanding the length of the Complaint, The Court must respectfully dismiss the Complaint.

DATED: October 13, 2023    WOOD, SMITH, HENNING & BERMAN LLP

By: _____
FRED R. VASQUEZ
CHRISTINA LONI
Attorneys for Defendants ONNI REAL ESTATE IX, LLC and ONNI REAL ESTATE HOLDINGS LTD

# PROOF OF SERVICE

**Brittany A. Stillwell v. City of Los Angeles, et al.**
**Case No. 2:22-CV-09426-JWH-JC**

I am employed in the County of San Bernardino, State of California. I am over the age of eighteen years and not a party to the within action. My business address is 9333 Fairway View Place, Suite 200, Rancho Cucamonga, CA 91730-3824.

On October 13, 2023, I served the following document(s) described as **NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT BY DEFENDANTS ONNI REAL ESTATE IX, LLC AND ONNI REAL ESTATE HOLDINGS LTD; MEMORANDUM OF POINTS & AUTHORITIES** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 13, 2023, at Rancho Cucamonga, California.



_____
Erin M. Peterson

**SERVICE LIST**
**Brittany A. Stillwell v. City of Los Angeles, et al.**
**Case No. 2:22-CV-09426-JWH-JC**

| | |
|---|---|
| Brittany Stillwell<br>8 Century Avenue, IFC Tower 2, Floor 8<br>Pudong District, Shanghai, China<br>200120<br>Tel: (702) 907-1908<br>E-mail: info@brittstillwell.com<br>**IN PRO PER** | Hydee Feldstein Soto, Esq.<br>Terry P. Kaufman Macias, Esq.<br>Steven N. Blau, Esq.<br>Elanie Zhong, Esq.<br>Office of the Los Angeles City Attorney<br>200 North Main Street<br>City Hall East Room 701<br>Los Angeles, CA 90012-4131<br>Tel: (213) 978-8235 / Fax: (213)978-8090<br>E-mail:  steve.blau@lacity.org<br>           elaine.zhong@lacity.org<br>**Attorneys for Defendant CITY OF LOS ANGELES** |

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
9333 FAIRWAY VIEW PLACE, SUITE 200
RANCHO CUCAMONGA, CALIFORNIA 91730-3824
TELEPHONE 909 987 5240 ♦ FAX 909 987 5230

29966820.1:10784-1223

-2-

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT BY DEFENDANTS ONNI REAL ESTATE IX, LLC AND ONNI REAL ESTATE HOLDINGS LTD