Eli Gordon (SBN 252823)
Tiffany D. Truong (SBN 292463)
KIMBALL, TIREY & ST. JOHN LLP
915 Wilshire Blvd., Suite 1650
Los Angeles, California 90017
Telephone: (213) 337-0050
Facsimile: (213) 929-2212
Email:  Eli.Gordon@kts-law.com
Email: Tiffany.Truong@kts-law.com

Attorneys for Defendants,
KIMBALL, TIREY & ST. JOHN LLP;
CHRIS JAMES EVANS

## IN THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRITTANY A. STILLWELL, | Case No.  2:22-CV-09426-JWH-JCx |
| Plaintiff, | |
| vs. | **DEFENDANTS KIMBALL, TIREY & ST. JOHN LLP AND CHRIS JAMES EVANS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| ONNI REAL ESTATE IX, LLC, a Delaware limited liability company; ONNI REAL ESTATE HOLDINGS LTD, a Canadian limited corporation; KIMBALL, TIREY & ST. JOHN LLP, CHRIS JAMES EVANS, an individual; and Does 1-50 INCLUSIVE | |
| Defendants. | [Filed concurrently with:<br>-   Request for Judicial Notice;<br>-   [Proposed] Order]<br><br>Date: December 1, 2023<br>Time: 9:00 a.m.<br>Courtroom: 9D<br>Hon. John W. Holcomb |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD**:

PLEASE TAKE NOTICE that on the date and time set forth above or as soon thereafter as counsel may be heard on December 1, 2023 at 9:00 a.m.  in Courtroom

9D of the above-entitled court, located at 411 W. 4th Street, Santa Ana, California, Defendants, KIMBALL, TIREY & ST. JOHN LLP ("KTS") AND CHRIS JAMES EVANS ("Evans") (collectively "KTS Defendants") will, and do hereby, move the Court to dismiss Plaintiff's First Amended Complaint ("FAC") (filed as ECF #47-49 (inclusive of exhibits)), to the extent asserted against the KTS Defendants. This Motion is made on the following grounds:

1) Plaintiff's entire FAC has failed to comply with this Court's September 5, 2023 Order (ECF # 45) which ordered Plaintiff to state "short and plain" statements of each claim;

2) Plaintiff's entire FAC fails to comply with Federal Rules of Civil Procedure, Rule 8, which requires a pleading to contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." *Fed. R. Civ. Pro.* 8(a)(1),(2).

3) Plaintiff's Fourth Cause of Action for Violation of the Fair Housing Act against the KTS Defendants fails because:

    a. The allegations fail to comply Federal Rules of Civil Procedure, Rule 8, which requires a pleading to contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." *Fed. R. Civ. Pro.* 8(a)(1),(2).

    b. Plaintiff's allegations fail to allege facts sufficient to state a claim against the KTS Defendants. *Fed. R. Civ. Pro.* 12(b)(6)

4) Plaintiff's Eighth Cause of Action for against the KTS Defendants fails because:

    a. The allegations fail to comply Federal Rules of Civil Procedure, Rule 8, which requires a pleading to contain "a short and plain

statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." *Fed. R. Civ. Pro.* 8(a)(1),(2).

    b. Plaintiff's allegations fail to allege facts sufficient to state a claim against the KTS Defendants. *Fed. R. Civ. Pro.* 12(b)(6)

5) Plaintiff's Twelfth and Thirteenth Cause of Action for Civil RICO against the KTS Defendants fails because:

    a. The allegations fail to comply Federal Rules of Civil Procedure, Rule 8, which requires a pleading to contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." *Fed. R. Civ. Pro.* 8(a)(1),(2).

    b. Plaintiff's allegations fail to allege facts sufficient to state a claim against the KTS Defendants. *Fed. R. Civ. Pro.* 12(b)(6)

6) Upon dismissal of Plaintiff's Fourth, Eighth, Twelfth, and Thirteenth causes of action against the KTS Defendants, the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims and dismiss said claims against the KTS Defendants pursuant to Rule 12(b)(1).

Notice of this motion has been given to Plaintiff.

The motion will be based on this notice of motion, the memorandum of points and authorities, and request for judicial notice served and filed herewith, on the records and files herein, and on such evidence as may be presented at the hearing of the motion.

**Local Rule 7-3 Conference**: Counsel for the KTS Defendants and Plaintiff have met and conferred by telephone regarding the bases for this Motion. However, they were unable to reach an agreement which eliminates the necessity of hearing this motion.

DATED:  October 13, 2023                KIMBALL, TIREY & ST. JOHN LLP


By: /s/ Tiffany D. Truong
    Tiffany D. Truong, Esq.
    Attorneys for Defendants,
    KIMBALL, TIREY & ST. JOHN LLP;
    CHRIS JAMES EVANS

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................9

    A. Procedural History .......................................................................................9

    B. Relevant Facts Alleged in FAC...................................................................10

II.    STANDARD OF REVIEW ...............................................................................11

    A. A Motion to Dismiss Under Rule 12(b)(6)..................................................11

    B. A Motion Brought Under Rule 12(b)(1) .....................................................12

III.    ARGUMENT .....................................................................................................12

    A.    Plaintiff's FAC Continues to Violate Rule 8 Despite this Court's
        September 5, 2023 Order ........................................................................12

    B.    Plaintiff's Fourth Cause of Action for Violation of the Fair Housing Act
        Fails to State a Claim Against the KTS Defendants Who Are Not Housing
        Providers ................................................................................................15

    C.    Violation of FDCPA ...............................................................................16

    D. The FAC Fails to State RICO Claims Against the KTS Defendants............18

IV.    THIS COURT SHOULD DECLINE EXERCISING SUPPLEMENTAL
    JURISDICTION ON THE STATE LAW CLAIMS AFTER DISMISSAL OF
    FEDERAL CLAIMS AGAINST THE KTS DEFENDANTS .........................21

V.    CONCLUSION...................................................................................................21

IMBALL, TIREY
& ST. JOHN LLP
ATTORNEYS AT LAW
LOS ANGELES

1

2

# <u>TABLE OF AUTHORITIES</u>

3

## <u>CASES</u>

4

*Acri v. Varian Assocs., Inc.,* 114 F.3d 999, 1000 (9th Cir.), supplemented, 121

5

F.3d 714 (9th Cir. 1997), as amended (Oct. 1, 1997) ............................................. 21

*American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107-08

6

(9th Cir. 2000), *cert. denied*, 532 U.S. 1008 (2001) ................................................ 13

7

*Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 461 (2006) ........................................ 20

8

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) ......................................................... 11

9

*Ashcroft, supra,* at 679 .................................................................................................. 11

10

*Ayala v. Frito Lay, Inc.,* 263 F. Supp. 3d 891 (E.D. Cal. 2017) .................................. 16

11

Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990) ........................ 11

12

Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) ........................................... 11

13

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ............................................... 11

14

*Cafasso v. Gen. Dyn. C4 Sys.,* 637 F.3d 1047, 1059 (9th Cir. 2011) .......................... 13

15

cert. denied, 474 U.S. 1021 (1985) ............................................................................. 13

16

*Eclectic Props. East, LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 997 (9th Cir.

17

2014) ............................................................................................................................ 18

*Eclectic Props. East*, *supra*, at 997 .............................................................................. 18

18

*Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 558 (2005) ................... 21

19

*Gamble v. City of Escondido* (9th Cir. 1997) 104 F.3d 300, 304-307 .......................... 15

20

*Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 415 (9th Cir.) ............................................ 13

21

*Hollins v. Kraas*, 369 F. Supp. 1355, 1358, citing *Kennedy Park Homes*

22

*Association v. City of Lackawanna*, 318 F. Supp. 669 (W.D.N.Y. 1970) ............... 16

23

*Holmes v. Sec. Inv'r Prot. Corp.*, 503 U.S. 258, 268 (1992) ....................................... 20

24

*Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003) .................................. 11

25

*Iqbal, supra,* 556 U.S. at 679 ....................................................................................... 12

26

*Knapp v. Hogan*, 574 U.S. 815 (2014) ........................................................................ 13

27

*McDonald v. Coldwell Banker* (9th Cir. 2008) 543 F.3d 498 ...................................... 15

28

*McHenry v. Renne,* 84 F.3d 1172, 1179 (9th Cir. 1996)................................................ 13

*McHenry*, 84 F.3d at 1174, 1178-79 ........................................................................... 13

*Mendoza v. Zirkle Fruit Co.*, 301 F.3d 1163, 1169 (9th Cir. 2002)............................. 20

*Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989) ............. 19

*Orea v. Quality Loan Serv., Corp.,* No. ED-CV-18-2570-JGBKKX, 2019 WL
8884117, at *4 (C.D. Cal. Nov. 26, 2019), aff'd, 859 F. App'x 799 (9th Cir.
2021) ............................................................................................................................. 13

*Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 902 (9th Cir. 2013), *cert.
denied*, 573 U.S. 916 (2014) ........................................................................................ 12

*Sanford v. Memberworks, Inc.* (9th Cir. 2010) 625 F.3d 550, 558; *Moore v.
Kayport Package Express, Inc.*, 885 F.2d 531, 541 (9th Cir. 1989)............................. 19

*Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1399 (9th
Cir. 1986) ..................................................................................................................... 19

*Schutza v. Cuddeback,* 262 F.Supp.3d 1025, 1028 (S.D. Cal. 2017)........................... 12

*Scott v. Beregovskay,* 1:17-cv-01146-AWI-GSA-PC, 2017 WL 3896366, at *1
(E.D. Cal. Sept. 6, 2017) .............................................................................................. 14

*Shu v. Brennan,* CV17-5393 PA (JEMx), 2017 U.S. Dist. LEXIS 232318 at *1
(C.D. Cal. Dec. 4, 2017) ............................................................................................... 14

*Shu*, *supra*, at *4 ......................................................................................................... 14

*supra, McHenry, Hatch, Shu*........................................................................................ 14

*Texas Dept. of Hous. And Community Affairs v. Inclusive Communities Project,*
Inc. (2015) 135 S.Ct. 2507, 2513 ................................................................................ 15

*Twombly, supra,* 550 U.S. at 555 ................................................................................. 11

*United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 726 (1966) .............................. 21

*Wagh v. Metris Direct, Inc.*, 348 F.3d 1102, 1108 (9th. Cir. 2003)............................. 18

*Whitaker v. Mind Games, LLC* (C.D. Cal., Apr. 13, 2022, 2:20-cv-11794-RSWL-
MRWx) [pp. 3].............................................................................................................. 12

## STATUTES

15 U.S.C. § 1692e (11) ................................................................................................. 17

15 U.S.C. §§ 1692 *et seq*............................................................................................. 16

18 U.S.C. § 1962(c) ...................................................................................................... 18

KIMBALL TIREY & ST. JOHN LLP & CHRIS JAMES EVANS' NOTICE OF MOTION AND MOTION TO DISMISS

IMBALL, TIREY
& ST. JOHN LLP
ATTORNEYS AT LAW
LOS ANGELES

18 U.S.C. §1346 .................................................................................................... 18

28 U.S.C. § 1367 ............................................................................................. 12, 21

28 U.S.C. § 1367(c)(3) ......................................................................................... 21

42 U.S.C. §3604 .................................................................................................... 15

**RULES**

*Fed.R.Civ.P.* 12(b)(1) ........................................................................................... 12

Federal Rule of Civil Procedure, Rule 9(b) .......................................................... 19

Federal Rules of Civil Procedure, Rule 12(b)(6) .................................................. 11

Rule 12(b)(1) .......................................................................................................... 21

Rule 8(d)(1) ........................................................................................................... 14

IMBALL, TIREY
& ST. JOHN LLP
ATTORNEYS AT LAW
LOS ANGELES

**KIMBALL TIREY & ST. JOHN LLP & CHRIS JAMES EVANS' NOTICE OF MOTION AND MOTION TO DISMISS**

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

### A. Procedural History

On December 27, 2022, Brittany Stillwell ("Plaintiff") filed her original Complaint against the City of Los Angeles ("City"), Onni Real Estate IX, LLC and Onni Real Estate Holdings Ltd. (collectively "Onni Defendants"), Kimball, Tirey & St. John LLP ("KTS"), Chris James Evans ("Evans"), and Does 1-50. (ECF #1).

On January 31, 2023, KTS and Evans (collectively "KTS Defendants") filed an Answer to the Complaint. (ECF #21).

On February 27, 2023, the City filed a Motion to Dismiss the Complaint. (ECF #25).

On March 1, 2023, the Onni Defendants filed their Motion to Dismiss the Complaint. (ECF # 27).

On March 28, 2023, Plaintiff filed a Motion for Leave to File a Supplemental Complaint. (ECF #31).

Plaintiff eventually filed a Notice of Dismissal of the City (ECF # 44).

On September 5, 2023, this Court issued an Order which granted the Onni Defendants' Motion to Dismiss the Complaint with leave to amend. This Order set forth detailed instructions on which Plaintiff was to cure the defects in her Complaint, including requirements for Plaintiff's amended complaint to contain "short and plain" statements of each claim. (ECF #45)

On September 22, 2023, Plaintiff filed her First Amended Complaint ("FAC") in multiple parts. (ECF # 47-49) The FAC is 186 pages in length and contains 729 paragraphs. (ECF # 47) Additionally, the exhibits to the FAC consist of an additional 144 pages. (ECF #49).

IMBALL, TIREY
& ST. JOHN LLP
ATTORNEYS AT LAW
LOS ANGELES

The primary changes in the FAC appear to be removal of allegations against the City and the causes of action against the City. Otherwise, the FAC remains substantially similar to the original Complaint.

### B. Relevant Facts Alleged in FAC

Plaintiff was a tenant of the apartment community known as Hope+Flower Apartments located at 1201 S. Hope Street, Los Angeles, CA 90015 ("Property").[1] (FAC, ¶34, 48.) Onni Real Estate IX, LLC and Onni Real Estate Holdings Ltd. (collectively "Onni Defendants") were Plaintiff's landlords for the Property. (FAC, ¶1.) The KTS Defendants are attorneys who have represented the Onni Defendants in multiple unlawful detainer actions and engaged in the business of collecting debts. (See, e.g., FAC, ¶4, 16, 17.)

Plaintiff alleges the KTS Defendants unlawfully discriminated against her based on her race, prosecuted unlawful detainer cases against her improperly in December 2021 and June 2022, and violated the Fair Debt Collection Practices Act ("FDCPA") and Los Angeles Municipal Code in connection with prosecuting the unlawful detainer cases. (FAC, ¶647, 651, 654, 664, 682.) Plaintiff also alleges KTS Defendants engaged in misconduct giving rise to Civil RICO claims by filing unlawful evictions on behalf of the Onni Defendants. (FAC, ¶486.) The FAC contains four (4) alleged "RICO Schemes," but only the "scheme" regarding unlawful evictions contains allegations specifically referencing the KTS Defendants.

Based on the foregoing allegations, the FAC asserts the following causes of action against the KTS Defendants: 1) Violations of the Fair Housing Act; 2) Malicious Prosecution; 3) Malicious Prosecution; 4) Violation of the FDCPA; 5) Violation of the Tom Bane Civil Rights Act; 6) Violation of Tenant Anti-Harassment

---

[1] The FAC alleges Plaintiff continues to reside at the Property, however, she also alleges that she no longer resides in the United States of America and now resides in Shanghai, China. (See, FAC, ¶12, 48.) For the sake of consistency, this Motion will refer to Plaintiff as a former tenant as her address of record in this case has changed to an address in Shanghai, China.

KIMBALL, TIREY
& ST. JOHN LLP
ATTORNEYS AT LAW
LOS ANGELES

Ordinance; 7) Civil RICO and Predicate Act: Honest Services Fraud; 8) Civil RICO and Predicate Act: Wire Fraud; 9) Violation of California Business and Professions Code Section 17200; 10) Intentional Infliction of Emotional Distress; and 11) Negligent Infliction of Emotional Distress.

## II.    STANDARD OF REVIEW

### A. A Motion to Dismiss Under Rule 12(b)(6)

Federal Rules of Civil Procedure, Rule 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." A dismissal under Rule 12(b)(6) is appropriate when the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To sufficiently state a claim to relief and survive a Rule 12(b)(6) motion, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. *Ileto v. Glock, Inc*., 349 F.3d 1191, 1199-1200 (9th Cir. 2003). While all allegations of material fact are taken as true, legally conclusory statements not supported by actual factual allegations need not be accepted. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). A plaintiff's obligation to provide the grounds for his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly, supra,* 550 U.S. at 555 (citations and quotations omitted).  Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.*

A motion to dismiss under Rule 12(b)(6) should be granted if the complaint does not proffer enough facts to state a claim for relief that is plausible on its face. *Ashcroft, supra,* at 679. "[W]here the well-pleaded facts do not permit the court to

IMBALL, TIREY
& ST. JOHN LLP
ATTORNEYS AT LAW
LOS ANGELES

infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief.'" *Iqbal, supra,* 556 U.S. at 679. A complaint may also be dismissed for failure to state a claim if it discloses some fact or complete defense that will necessarily defeat the claim. *See, Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 902 (9th Cir. 2013), *cert. denied*, 573 U.S. 916 (2014).

### B. A Motion Brought Under Rule 12(b)(1)

"Rule 12(b)(1) allows a party to seek dismissal of an action for lack of subject matter jurisdiction. *Fed.R.Civ.P.* 12(b)(1)." *Whitaker v. Mind Games, LLC* (C.D. Cal., Apr. 13, 2022, 2:20-cv-11794-RSWL-MRWx) [pp. 3]. Under 28 U.S.C. § 1367, where a district court has original jurisdiction over a claim, it also "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367. Supplemental jurisdiction is mandatory unless prohibited by § 1367(b), or unless one of the exceptions in § 1367(c) applies. *See Schutza v. Cuddeback,* 262 F.Supp.3d 1025, 1028 (S.D. Cal. 2017).

## III.   ARGUMENT

### A. Plaintiff's FAC Continues to Violate Rule 8 Despite this Court's September 5, 2023 Order

Rule 8 sets forth requirements for all pleadings filed in federal court.

(a) Claim for Relief. A pleading that states a claim for relief must contain:

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim

needs no new jurisdictional support;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Rule 8 can be violated "when a pleading says too little" or "when a pleading says too much." *Knapp v. Hogan*, 574 U.S. 815 (2014). "[A] pleading that [is] needlessly long, or . . . highly repetitious, or confused, or consist[s] of incomprehensible rambling" violates Rule 8(a). *Cafasso v. Gen. Dyn. C4 Sys.,* 637 F.3d 1047, 1059 (9th Cir. 2011). Dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit. Rule 8's requirements apply "to good claims as well as bad, and [are] a basis for dismissal independent of Rule 12(b)(6)." *McHenry v. Renne,* 84 F.3d 1172, 1179 (9th Cir. 1996).

The courts have certainly dismissed complaints for violating Rule 8 when they were unnecessarily verbose, confusing, and excessive in length. *See, e.g. McHenry*, 84 F.3d at 1174, 1178-79 [wherein a 53 page complaint was dismissed for being in violation of FRCP 8]; *Hatch v. Reliance Ins. Co*., 758 F.2d 409, 415 (9th Cir.) [affirming dismissal pursuant to Rule 8 when the plaintiffs' "complaints, which, including attachments, exceeded 70 pages in length, were confusing and conclusory"), cert. denied, 474 U.S. 1021 (1985).

A "pro se litigant is not excused from knowing the most basic pleading requirements." *American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107-08 (9th Cir. 2000), *cert. denied*, 532 U.S. 1008 (2001). pro se complaints are routinely dismissed for their failure to abide by Rule 8. *Orea v. Quality Loan Serv., Corp.,* No. ED-CV-18-2570-JGBKKX, 2019 WL 8884117, at *4 (C.D. Cal. Nov. 26, 2019), aff'd, 859 F. App'x 799 (9th Cir. 2021); *see also, e.g., Shu v.*

*Brennan,* CV17-5393 PA (JEMx), 2017 U.S. Dist. LEXIS 232318 at *1 (C.D. Cal. Dec. 4, 2017) (dismissing pro se plaintiff's 148-page, 269-paragraph complaint); *Scott v. Beregovskay,* 1:17-cv-01146-AWI-GSA-PC, 2017 WL 3896366, at *1 (E.D. Cal. Sept. 6, 2017) (dismissing pro se plaintiff's eighty-page complaint for lack of short and plain statement of claims).

Here, this Court dismissed Plaintiff's original Complaint because it violated Rule 8. (ECF # 45). This Court provided detailed instructions to Plaintiff on how to file an amended complaint in compliance with Rule 8. *Id.* Nevertheless, Plaintiff's FAC continues to violate Rule 8. The FAC is 186 pages in length and contains 729 paragraphs. (ECF # 47) Additionally, the exhibits to the FAC consist of an additional 144 pages. (ECF #49). The courts have certainly dismissed shorter complaints for violating Rule 8. *See, supra, McHenry*, *Hatch*, *Shu*. Plaintiff's FAC fails to provide any "short and plain" statement of any acts by the KTS Defendants which support her claims against them or show that Plaintiff is entitled to relief against the KTS Defendants. None of the allegations in the FAC pertaining to the KTS Defendants are "simple, concise and direct." Rule 8(d)(1).

Despite the length of the FAC, Plaintiff fails to allege specific facts showing any conduct of the KTS Defendants which violated her rights and entitle her to relief against said defendants. The KTS Defendants cannot determine the grounds for any purported claim against them and they are simply lumped in with other defendants or even third parties throughout the FAC. "Length may make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter." *Shu*, *supra*, at *4. As such, KTS Defendants request the Court dismiss the FAC for violating Rule 8. Even if the Court were to overlook Plaintiff's continued violation of Rule 8, none of Plaintiff's federal causes of action state a claim against the KTS Defendants.

**B. Plaintiff's Fourth Cause of Action for Violation of the Fair Housing Act Fails to State a Claim Against the KTS Defendants Who Are Not Housing Providers**

The Fair Housing Act ("FHA") prohibits discrimination in the sale or rental of housing based on a person's inclusion in a protected class. Examples of such prohibited discrimination are refusing to negotiate for the sale or rental of a dwelling and publishing an advertisement regarding the sale or rental of a dwelling indicating any preference or limitation based on race. (See, 42 U.S.C. §3604.) A plaintiff bringing a claim under the FHA must prove either disparate treatment (an intentional violation) or disparate impact (a violation causing a discriminatory effect). (*Gamble v. City of Escondido* (9th Cir. 1997) 104 F.3d 300, 304-307; *Texas Dept. of Hous. And Community Affairs v. Inclusive Communities Project*, Inc. (2015) 135 S.Ct. 2507, 2513; *McDonald v. Coldwell Banker* (9th Cir. 2008) 543 F.3d 498.)

Here, it is unclear whether Plaintiff claims disparate treatment or disparate impact. Nevertheless, Plaintiff fails to state a claim for violating the FHA against the KTS Defendants on multiple bases. First, the KTS Defendants they do not engage in the sale or rental of dwellings. Put simply, the KTS Defendants are not housing providers or otherwise involved in the sale or rental of dwellings. Instead, they are attorneys and debt collectors according to Plaintiff's own allegations. (See, e.g., FAC, ¶4, 16, 17.) All of the KTS Defendants' alleged acts which give rise to Plaintiff's FAC are their involvement in prosecuting the unlawful detainer actions on behalf of the Onni Defendants and pursuing her debt through said unlawful detainers. (See, e.g. FAC, ¶455, 486-487, 519-522.) The purpose of the FHA is to "provide a remedy against those individuals who are guilty of unlawful discrimination in the rental or sale of housing and is not directed at those who merely are responsible for putting the violator in the position in which he can act

IMBALL, TIREY
& ST. JOHN LLP
ATTORNEYS AT LAW
LOS ANGELES

**MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

improperly." (*Hollins v. Kraas*, 369 F. Supp. 1355, 1358, citing *Kennedy Park Homes Association v. City of Lackawanna*, 318 F. Supp. 669 (W.D.N.Y. 1970).) There are no allegations whatsoever which indicate KTS Defendants had any direct involvement in sale or rental of the Property which would subject them to an FHA violation.

Second, Plaintiff fails to state a claim for a violation of the FHA because the FAC alleges only legal conclusions regarding the KTS Defendants without any supporting factual allegations of violations of the FHA. (*See Ayala v. Frito Lay, Inc.,* 263 F. Supp. 3d 891 (E.D. Cal. 2017) [dismissing disability discrimination claim brought under California's Fair Employment and Housing Act because allegations that defendants treated plaintiff "detrimentally" "owing to her disability" amounted to conclusions without factual allegations]. Plaintiff generally alleges the KTS Defendants' conduct give rise to liability under the FHA, but all of her allegations in the FAC relating to leasing her apartment pertain to the Onni Defendants. (FAC, ¶¶55-149, 647.) The FAC generally alleges the KTS Defendants improperly filed unlawful detainer actions against Plaintiff and attempted to collect on her debt. There are no allegations indicating their actions were based on her race or had any other discriminatory basis. (See FAC, ¶455, 486-487, 519-522.) Even assuming all of the factual, non-conclusory allegations are true, the FAC supports no inference of discriminatory conduct on the part of KTS Defendants.

The FAC contains no allegations which would state a claim against the KTS Defendants for violation of the FHA.

### C. Violation of FDCPA

The FDCPA is a federal law codified in 15 U.S.C. §§ 1692 *et seq.* which governs the communications of debt collectors in certain situations when engaging in the collection of consumer debts. Plaintiff's Eighth Cause of Action alleges the

KTS Defendants are debt collections as defined by this law and violated the FDCPA by filing unlawful detainers against her without providing requisite disclosures about disputing debts. (FAC, ¶¶485, 664, 667.) However, most of the allegations against the KTS Defendants contain nothing but conclusory statements and attempted summary of the law. (See, FAC, ¶¶473-479, 483-485, 666, 668-672.) For the same reasons set forth in the foregoing sections, it is difficult to determine what *factual* allegations actually pertain to this cause of action and the KTS Defendants because of Plaintiff's continued violations of Rule 8.

Plaintiff's claim appears to stem from two main alleged acts: 1) the KTS Defendants did not provide her certain disclosures required by the FDCPA, and 2) the KTS Defendants should not have filed the unlawful detainers in December 2021 and July 2022 because of certain provisions of the Los Angeles Municipal Code. (FAC, ¶¶479, 485, 664-665, 672.)

The FDCPA does require certain disclosures by debt collectors when pursuing a debt, however, pleadings such as those in an unlawful detainer are *exempt*. 15 U.S.C. § 1692e (11) provides the following conduct is a violation of the FDCPA:

> (11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, <u>except that this paragraph shall not apply to a formal pleading made in connection with a legal action</u>. [emphasis added]

Here, the only communications by the KTS Defendants alleged to have been made to Plaintiff are the unlawful detainer papers (i.e. the summons and complaint which are formal pleadings in a legal action). (FAC, ¶¶664, 667, 672.) There are no other alleged communications from the KTS Defendants which would give rise to a claim under the FDCPA.

IMBALL, TIREY
& ST. JOHN LLP
ATTORNEYS AT LAW
LOS ANGELES

**MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

Plaintiff also seems to allege that KTS Defendants violated the FDCPA by filing the two unlawful detainers against her despite protections under the Los Angeles Municipal Code. (FAC, ¶485.) However, nothing in the FDCPA bars the filing of formal legal action against a debtor. Both unlawful detainer actions were filed by the KTS Defendants on behalf of Plaintiff's landlord and verified by the landlord's representative. (Request for Judicial Notice, Exs. A-B.) Formal pleadings in the unlawful detainers do not require any disclosures under the FDCPA. Further, Plaintiff has acknowledged that both of the unlawful detainers were voluntarily dismissed by the KTS Defendants. (FAC, ¶¶465, 521.) Plaintiff's claim that she disputed the debts connected with the unlawful detainers is insufficient to support a claim against the KTS Defendants for violation of the FDCPA.

### D. The FAC Fails to State RICO Claims Against the KTS Defendants

Courts should "strive to flush out frivolous RICO allegations at an early stage of the litigation" because of the "quasi-criminal nature" and "stigmatizing effect on those named as defendants." *Wagh v. Metris Direct, Inc.*, 348 F.3d 1102, 1108 (9th. Cir. 2003). A RICO claim must allege four elements: "(1) the conduct of (2) an enterprise that affects interstate commerce (3) through a pattern (4) of racketeering activity or collection of unlawful debt." 18 U.S.C. § 1962(c); *Eclectic Props. East, LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 997 (9th Cir. 2014). Additionally, the conduct must be the proximate cause of harm to the plaintiff. *Id.*

Here, Plaintiff's twelfth and thirteenth causes of action are for RICO claims against the KTS Defendants based on the predicate acts of honest services fraud and wire fraud, respectively. Honest services fraud includes "a scheme or artifice to deprive another of the intangible right of honest services." 18 U.S.C. §1346. Wire fraud requires the following additional allegations: "(A) the formation of a scheme to defraud, (B) the use of the mails or wires in furtherance of that scheme, and (C) the specific intent to defraud." *Eclectic Props. East*, *supra*, at 997 [citing *Schreiber*

*Distrib. Co. v. Serv-Well Furniture Co., Inc*., 806 F.2d 1393, 1399 (9th Cir. 1986).

When a plaintiff alleges fraud as the predicate RICO act, the complaint must meet heightened pleading standards of Rule 9. *Sanford v. Memberworks, Inc.* (9th Cir. 2010) 625 F.3d 550, 558; *Moore v. Kayport Package Express, Inc*., 885 F.2d 531, 541 (9th Cir. 1989). Federal Rule of Civil Procedure, Rule 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Allegations of fraud on information and belief typically do not meet the particularity requirements of Rule 9(b). *Moore v. Kayport Package Express, Inc*., 885 F.2d 531, 540 (9th Cir. 1989).

The FAC contains four alleged RICO schemes: 1) unlawfully withholding tenant deposits, 2) unlawful evictions, 3) overcharged tenants utilities and unnecessary fees, and 4) submission of fraudulent Covid-19 rental assistance applications. (See, FAC, ¶¶151, 486, 553, 565.) Out of the four alleged RICO schemes, only the alleged scheme regarding unlawful evictions contains any allegations referencing the KTS Defendants. All other alleged RICO schemes are relating to issues of Plaintiff's tenancy and her disputes with her landlord.

"RICO scheme #2-Unlawful Evictions," the single RICO scheme alleged against the KTS Defendants, is rife with allegations upon information and belief that the KTS Defendants and Onni Defendants engaged in unlawful evictions. (FAC, ¶¶486-494.) Further, the FAC merely makes conclusory and generalized allegations that the KTS Defendants participated in this scheme with the Onni Defendants with no actual *factual* allegations in support. There are no allegations referencing how the KTS Defendants used wire fraud in furtherance of this scheme other than a conclusory statement that "interstate wires" were used. (FAC, ¶530.) This fails to meet the heightened pleading standards for fraud because it contains only conclusory statements regarding the KTS Defendants and it simply lumps all the defendants together with conclusory allegations that they are in a criminal

IMBALL, TIREY
& ST. JOHN LLP
ATTORNEYS AT LAW
LOS ANGELES

**MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

organization or enterprise together. (See, FAC, ¶¶702, 703, 713.) There are certainly insufficient factual allegations to meet every single element required for a RICO claim based on wire fraud, including the specific acts by the KTS Defendants which were done in furtherance of this alleged racketeering activity.

Moreover, the allegations fail to specify how the KTS Defendants proximately caused harm to Plaintiff. "When a court evaluates a RICO claim for proximate causation, the central question it must ask is whether the alleged violation led directly to the plaintiff's injuries." *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 461 (2006). Three main factors are considered: "(1) whether there are more direct victims of the alleged wrongful conduct who can be counted on to vindicate the law as private attorneys general; (2) whether it will be difficult to ascertain the amount of the plaintiff's damages attributable to defendant's wrongful conduct; and (3) whether the courts will have to adopt complicated rules apportioning damages to obviate the risk of multiple recoveries." *Mendoza v. Zirkle Fruit Co.*, 301 F.3d 1163, 1169 (9th Cir. 2002) (relying on *Holmes v. Sec. Inv'r Prot. Corp.*, 503 U.S. 258, 268 (1992)).

It is unclear how exactly the KTS Defendants' actions proximately caused damages to Plaintiff or how she was actually damaged. Plaintiff alleges she has been damaged in the sum of $24,068.00 and $1,885,000.00 in her twelfth and thirteenth causes of action, respectively. (FAC, ¶699, 707.) However, the prayer of the FAC then alleges she has suffered damages of $5,655,000.00 for her twelfth cause of action and $72,204.00 for her thirteenth cause of action. There is no explanation as to how any of these numbers were calculated. Further, because the KTS Defendants are only allegedly involved in one out of the four RICO schemes but piled into all the generalized allegations against the other defendants, it is impossible to ascertain the amount of Plaintiff's damages attributable to the KTS Defendants' alleged wrongful conduct alone. The FAC has failed to plead factual

allegations with specificity as to each and every element required for a RICO claim based on honest services fraud and wire fraud as required by Rule 9(b). It also contains only generalized conclusory allegations and internally contradictory allegations as to damages suffered by Plaintiff. Due to the foregoing, the two RICO claims are subject to dismissal.

## IV.   THIS COURT SHOULD DECLINE EXERCISING SUPPLEMENTAL JURISDICTION ON THE STATE LAW CLAIMS AFTER DISMISSAL OF FEDERAL CLAIMS AGAINST THE KTS DEFENDANTS

Upon dismissal of Plaintiff's Fourth, Eighth, Twelfth, and Thirteenth causes of action against the KTS Defendants for the reasons set forth above, all other remaining causes of action in the FAC against the KTS Defendants arise out of California law. The Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims and dismiss said claims against the KTS Defendants pursuant to Rule 12(b)(1). State law claims are before the Court pursuant to the Court's supplemental jurisdiction. See 28 U.S.C. § 1367(a); *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 558 (2005). This Court has discretion to refuse exercising supplemental jurisdiction over state law claims when all federal claims are dismissed. 28 U.S.C. § 1367(c)(3). The Ninth Circuit has also encouraged dismissal of state law claims if federal claims are dismissed prior to trial. See, *Acri v. Varian Assocs., Inc.,* 114 F.3d 999, 1000 (9th Cir.), supplemented, 121 F.3d 714 (9th Cir. 1997), as amended (Oct. 1, 1997) (quoting *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 726 (1966)) (emphasis omitted). Because Plaintiff's federal claims against the KTS Defendants are all subject to dismissal, this Court should decline to exercise supplemental jurisdiction on her remaining state law claims.

## V.   CONCLUSION

Due to the foregoing, the KTS Defendants respectfully request this Court

**MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

dismiss Plaintiff's federal claims in her Fourth, Eighth, Twelfth, and Thirteenth causes of action against the KTS Defendants. After dismissal of said federal claims, the Court should also decline to exercise supplemental jurisdiction over Plaintiff's state law claims and dismiss said claims against the KTS Defendants pursuant to Rule 12(b)(1).

*Respectfully submitted,*

DATED: October 13, 2023          KIMBALL, TIREY & ST. JOHN, LLP

By: /s/ Tiffany D. Truong
   Tiffany D. Truong, Esq.
   Attorneys for Defendant

**MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

# PROOF OF SERVICE

I, Evan Bulgari, declare:

I am, and was at the time of service of the papers herein referred to, over the age of eighteen (18) years, and not a party to the within action. I am employed in the County of Los Aneles, California, in which county the within-mentioned mailing occurred. My business address is 915 Wilshire Blvd., Suite 1650, Los Angeles, CA 90017.

On October 13, 2023, I served the following document(s):

**DEFENDANTS KIMBALL, TIREY & ST. JOHN LLP AND CHRIS JAMES EVANS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

on the following parties:

SEE ATTACHED SERVICE LIST

**XX**       **(ELECTRONICALLY)** I caused this document(s) to be electronically filed with the court and a Notice of Electronic Filing (NEF) is automatically generated by the CM/ECF system and sent by e-mail to all attorneys in the case who are registered as CM/ECF Users and have consented to electronic service. Service by this electronic NEF constitutes service pursuant to the Federal Rules of Civil for all attorneys who have consented to electronic service. Attorneys not registered for the CM/ECF system or who did not consent to electronic service must be served as otherwise provided by the Federal Rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 13, 2023, at Los Angeles, California.

/s/ Evan Bulgari
_____
Evan Bulgari

## SERVICE LIST

**Brittany A. Stillwell**
8 Century Avenue, IFC Tower 2, Floor 8
Pudong District,Shanghai 200120
CHINA
Email: info@brittstillwell.com
*PRO SE*

**Steven N Blau**
**Los Angeles City Attorney's Office**
701 City Hall East
200 N Main St
Los Angeles, CA 90012-4130
Email: steve.blau@lacity.org
*Attorney for City of Los Angeles*

**Elaine Zhong**
**Los Angeles City Attorney's Office**
City Hall
200 North Spring Street 21st Floor
Los Angeles, CA 90012
Email: elaine.zhong@lacity.org
*Attorney for City of Los Angeles*

**Christina Jeanette Loni**
**Wood Smith Henning and Berman LLP**
9333 Fairway View Place Suite 200
Rancho Cucamonga, CA 91730
Email: cloni@wshblaw.com
*Attorney for Onni Real Estate IX, LLC and Onni Real Estate Holdings Ltd*