UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:22-cv-09426-JWH-JC | Date | February 12, 2024 |
| Title | *Brittany A. Stillwell v. City of Los Angeles, et al.* | | |

Present: The Honorable   JOHN W. HOLCOMB, UNITED STATES DISTRICT JUDGE

| Clarissa Lara | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS [ECF Nos. 56 & 58]**

Before the Court are two motions:

- the motion of Defendants Onni Real Estate IX, LLC and Onni Real Estate Holdings Ltd. (the "Onni Defendants")[1] to dismiss the Amended Complaint of Plaintiff Brittany A. Stillwell;[2] and
- the motion of Defendants Kimball, Tirey & St. John LLP and Chris James Evans (the "KTS Defendants") to dismiss the Amended Complaint.[3]

The Court concludes that these matters are appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in

---

[1]   Onni Defs.' Mot. to Dismiss (the "Onni Motion") [ECF No. 56]. The Court treats the amended Motion [ECF No. 56], rather than the initial Motion [ECF No. 54], as the operative Onni Motion.

[2]   *See* Am. Compl. and accompanying exhibits (the "Amended Complaint") [ECF Nos. 47-49]

[3]   KTS Defs.' Mot. to Dismiss (the "KTS Motion") [ECF No. 58].

support and in opposition,[4] the Court **GRANTS** both the Onni Motion and the KTS Motion and **DISMISSES** the Amended Complaint **without prejudice**, for the reasons set forth herein.

## I. BACKGROUND

In December 2022, Stillwell, proceeding *pro se*, initiated this action by filing a Complaint against the City of Los Angeles, the Onni Defendants, the KTS Defendants, and DOES 1-50.[5] The Complaint was 221 pages, containing 793 paragraphs, and it included an additional 125 pages of exhibits.[6] The KTS Defendants answered the Complaint;[7] the City moved to dismiss the Complaint;[8] and the Onni Defendants moved to dismiss the Complaint.[9] Because Stillwell subsequently dismissed her claims against the City, the Court denied the City's Motion as moot.[10] The Court granted the Onni Defendants' Motion to Dismiss the Complaint under Rule 8 of the Federal Rules of Civil Procedure.[11] The Court provided the following directions to Stillwell, if she chose to file an amended pleading:

> Stillwell's amended pleading must satisfy the following conditions:

---

[4] The Court considered the documents of record in this action, including the following papers: (1) Amended Complaint (including attachments); (2) Onni Motion; (3) KTS Motion; (4) Pl.'s Opp'n to the Onni Motion (the "Onni Opposition") [ECF No. 61]; (5) Pl.'s Opp'n to the KTS Motion (the "KTS Opposition") [ECF No. 63]; (6) Onni Reply in Supp. of the Onni Motion (the "Onni Reply") [ECF No. 65]; and (7) KTS Reply in Supp. of the KTS Motion (the "KTS Reply") [ECF No. 67]. The KTS Defendants [ECF Nos. 58-1] and Stillwell [ECF No. 62] request judicial notice related to these matters. The Court did not rely on the documents that are the subject of those requests. Accordingly, the Requests for Judicial Notice are **DENIED as moot**.

[5] Compl. [ECF No. 1].

[6] *Id.*

[7] Answer [ECF No. 21].

[8] Def.'s Mot. to Dismiss [ECF No. 25].

[9] Onni Defs.' Mot. to Dismiss [ECF No. 27].

[10] Order Addressing Findings, Conclusions, and Recommendations of United States Magistrate Judge (the "Order") [ECF No. 45] ¶ 1.

[11] *Id.* at ¶ 3.

      a.    it must be labeled "First Amended Complaint";

      b.    it must be complete in and of itself and must not refer in any manner to the original Complaint—*i.e.*, it must include all claims on which Stillwell seeks to proceed, *see* L.R. 15-2;

      c.    it must contain a "short and plain" statement of each claim for relief "showing that [Stillwell] is entitled to relief," Fed. R. Civ. P. 8(a);

      d.    it must make each allegation "simple, concise and direct" and must contain factual allegations in clear short, concise, numbered paragraphs, each "limited as far as practicable to a single set of circumstances," Fed. R. Civ. P. 8(d)(1) & 10(b);

      e.    it must set forth clearly the sequence of events giving rise to the claims for relief;

      f.    it must reflect which claims are brought against which defendant(s) and must allege specifically what each defendant did and how that defendant's conduct specifically violated Stillwell's rights;

      g.    it must not add defendants or claims that are not related to the claims asserted in the Complaint;

      h.    it must name all parties in the caption/title, *see* Fed. R. Civ. P. 10(a);

      i.    it must sue no more than 10 Doe Defendants, *see* L.R. 19-1; and

      j.    it must set forth "each claim founded on a separate transaction or occurrence ... in a separate count," Fed. R. Civ. P. 10(b).[12]

---

[12] *Id.* at ¶ 4.

Stillwell's Amended Complaint, filed in September 2023, is 186 pages, containing 729 paragraphs, and it includes an additional 144 pages of exhibits. The Amended Complaint concerns a landlord-tenant dispute among Stillwell (tenant), the Onni Defendants (landlord), and the KTS Defendants (who represent Onni in unlawful detainer actions and engage in the business of collecting debts).[13] Stillwell raises the following claims for relief against the named defendants:

- negligence against the Onni Defendants;
- premises liability against the Onni Defendants;
- violation of Unruh Civil Rights Act against the Onni Defendants;
- violation of the Fair Housing Act against the Onni Defendants and the KTS Defendants;
- malicious prosecution (December 2021 unlawful detainer) against the Onni Defendants and the KTS Defendants;
- malicious prosecution (June 2022 unlawful detainer) against the Onni Defendants and the KTS Defendants;
- violations of City of Los Angeles Temporary Protection of Tenants During COVID-19 Pandemic against the Onni Defendants;
- violations of the Fair Debt Collection Practices Act against the KTS Defendants;
- violation of Cal. Civ. Code § 1942.5 (retaliation) against the Onni Defendants;
- violations of the Tom Bane Civil Right Act against the Onni Defendants and the KTS Defendants;
- violations of Tenant Anti-Harassment Ordinance against the Onni Defendants and the KTS Defendants;
- civil RICO (18 U.S.C. §§ 1962(c), 1964(c) Predicate Act: Honest Services Fraud, 18 U.S.C. § 1346 against the Onni Defendants and the KTS Defendants;
- civil RICO (18 U.S.C. §§ 1962(c), 1964(c) Predicate Act: Wire Fraud, 18 U.S.C. § 1343 against the Onni Defendants and the KTS Defendants;
- violations of Cal. Bus. & Prof. Code §§ 17200 *et seq.* against the Onni Defendants and the KTS Defendants;
- breach of contract against the Onni Defendants;

---

[13]  *See generally* Amended Complaint.

- intentional infliction of emotional distress against the Onni Defendants and the KTS Defendants; and
- negligent infliction of emotional distress against the Onni Defendants and the KTS Defendants.[14]

The Onni Motion and the KTS Motion were filed in October 2023, and they are fully briefed.

## II. LEGAL STANDARD

### A. Rule 12(b)(6)—Failure to State a Claim

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In ruling on a Rule 12(b)(6) motion, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Am. Family Ass'n v. City & County of San Francisco*, 277 F.3d 1114, 1120 (9th Cir. 2002). Although a complaint attacked by a Rule 12(b)(6) motion "does not need detailed factual allegations," a plaintiff must provide "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To state a plausible claim for relief, the complaint "must contain sufficient allegations of underlying facts" to support its legal conclusions. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . ." *Twombly*, 550 U.S. at 555 (citations and footnote omitted). Accordingly, to survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," which means that a plaintiff must plead sufficient factual content to "allow[] the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A complaint must contain "well-pleaded facts" from which the Court can "infer more than the mere possibility of misconduct." *Id.* at 679. Although a *pro se* plaintiff "may be entitled to great leeway when the court construes [their] pleadings, those pleadings

---

[14] *Id.* at ¶¶ 619-729.

nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995).

### B.   Rule 15(a)—Leave to Amend

A district court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a).  The purpose underlying the liberal amendment policy is to "facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).  Therefore, leave to amend should be granted unless the Court determines "that the pleading could not possibly be cured by the allegations of other facts."  *Id.* (quoting *Doe v. United States*, 8. F.3d 494, 497 (9th Cir. 1995)).  "A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."  *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### III.   ANALYSIS

The Onni Defendants and the KTS Defendants argue that Stillwell has repeatedly failed to comply with Rule 8.[15]  The Court agrees.

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "Each allegation must be simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1).  "Pro se plaintiffs must follow the same rules of procedure that govern other litigants."  *Rupert v. Bond*, 68 F. Supp. 3d 1142, 1153 (N.D. Cal. 2014) (internal quotation mark and citation omitted); *see also American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107-08 (9th Cir. 2000), *cert. denied*, 532 U.S. 1008 (2001).

Rule 8 can be violated either "when a pleading says too little" or "when a pleading says too much."  *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (italics omitted), *cert. denied*, 574 U.S. 815 (2014); *see also Cafasso, U.S. ex rel. v. General Dynamics C4 Sys.*, 637 F.3d 1047, 1058 (9th Cir. 2011) ("we have never

---

[15]   Onni Motion 5:12-6:3; KTS Motion 12:21-14:26.

held—and we know of no authority supporting the proposition—that a pleading may be of unlimited length and opacity"); *McHenry v. Rennie*, 84 F.3d 1172, 1177-80 (9th Cir. 1996) (affirming the Rule 8 dismissal of a complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"); *Schmidt v. Herman*, 614 F.2d 1221, 1224 (9th Cir. 1980) (affirming the Rule 8 dismissal of "confusing, distracting, ambiguous, and unintelligible pleadings").

Once again, Stillwell has not complied with Rule 8 because the Amended Complaint does not set forth a short and plain statement of her claims. The voluminous Complaint (spanning 186 pages and an additional 144 pages of exhibits) does not contain "simple, concise and direct" allegations. Fed. R. Civ. P. 8(d)(1); *see, e.g.*, *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 415 (9th Cir. 1985) (affirming the district court's dismissal under Rule 8 where the pleadings "exceeded 70 pages in length [and] were confusing and conclusory"). Instead, the Amended Complaint includes unnecessary legal arguments and extraneous factual allegations.

Stillwell argues that the length of her Amended Complaint is necessary "due to [the] extensive and repetitive nature of the Defendants' egregious conduct over the course of three years."[16] However "district judges are busy, and therefore have a right to dismiss a complaint that is so long that it imposes an undue burden on the judge, to the prejudice of other litigants seeking the judge's attention. Often, it is true, 'surplusage can and should be ignored,' but 'length may make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter.'" *Shu v. Brennan*, 2017 WL 10591600, at *2 (C.D. Cal. Dec. 4, 2017), *aff'd* 2018 WL 11298689 (9th Cir. Nov. 8, 2018) (citing *Kadamovas v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013)).

Moreover, as the Onni Defendants and the KTS Defendants argue, the Amended Complaint does not allege specific facts showing that Defendants violated Stillwell's rights, despite its length.[17] Therefore, the Court concludes that

---

[16]   KTS Opposition 4:3-5.

[17]   Onni Motion 5:21-25; KTS Motion 14:17-21.

Amended Complaint should be dismissed for failure to comply with Rule 8. In view of that conclusion, the Court need not reach any additional arguments.[18]

The Court previously apprised Stillwell that the Complaint failed to comply with Rule 8.[19] Stillwell has largely failed to remedy the deficiencies in the Complaint. In view of Stillwell's *pro se* status, the dismissal of the Amended Complaint shall be **with leave to amend**. However, Stillwell is cautioned that, in the event that Stillwell files a Second Amended Complaint and it remains deficient, further leave to amend is unlikely to be granted.

## IV. DISPOSITION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. The Onni Motion and the KTS Motion are **GRANTED**. Stillwell's claims against the Onni Defendants and the KTS Defendants are **DISMISSED with leave to amend**.

2. Stillwell is **DIRECTED** to file an amended pleading, if at all, no later than March 1, 2024. Stillwell's amended pleading must satisfy the following conditions:

   a. it must be labeled "Second Amended Complaint";

   b. it must be complete in and of itself and must not refer in any manner to the original Complaint or the First Amended Complaint—*i.e.*, it must include all claims on which Stillwell seeks to proceed, *see* L.R. 15-2;

   c. it must contain a "short and plain" statement of each claim for relief "showing that [Stillwell] is entitled to relief," Fed. R. Civ. P. 8(a);

   d. it must make each allegation "simple, concise and direct" and must contain factual allegations in clear short, concise, numbered

---

[18] Stillwell argues that the KTS Defendants failed to comply with L.R. 7-3. KTS Opposition 1:18-2:2. From a review of the filings, the Court finds that there was substantial compliance with the Local Rule.

[19] Order ¶ 3.

paragraphs, each "limited as far as practicable to a single set of circumstances," Fed. R. Civ. P. 8(d)(1) & 10(b);

  e. it must set forth clearly the sequence of events giving rise to the claims for relief;

  f. it must reflect which claims are brought against which defendant(s) and must allege specifically what each defendant did and how that defendant's conduct specifically violated Stillwell's rights;

  g. it must not add defendants or claims that are not related to the claims asserted in the Complaint;

  h. it must name all parties in the caption/title, *see* Fed. R. Civ. P. 10(a);

  i. it must sue no more than 10 Doe Defendants, *see* L.R. 19-1; and

  j. it must set forth "each claim founded on a separate transaction or occurrence. . . in a separate count," Fed. R. Civ. P. 10(b).

  3. If Stillwell chooses to file an amended pleading, then she is also **DIRECTED** to file contemporaneously therewith a Notice of Revisions to Amended Complaint that provides the Court with a redline version that shows the amendments. If Stillwell fails to file its amended pleading by March 1, 2024, then the Court will **DISMISS** Stillwell's Amended Complaint **with prejudice** and will enter judgment accordingly.

  4. If Stillwell chooses to file an amended pleading by March 1, 2024, then the remaining Defendants are **DIRECTED** to file their respective responses thereto no later than March 22, 2024.

  5. The Clerk is **DIRECTED** to serve copies of this Order on Stillwell and on counsel for each Defendant.

  **IT IS SO ORDERED.**