Fred R. Vasquez (State Bar No. 276870)
fvasquez@wshblaw.com
Christina Loni (State Bar No. 312541)
cloni@wshblaw.com
**WOOD, SMITH, HENNING & BERMAN LLP**
901 Via Piamonte, Suite 205
Ontario, CA 91761
Phone: 909 987 5240 ♦ Fax: 909 987 5230
Attorneys for Defendants ONNI REAL ESTATE IX, LLC and ONNI REAL ESTATE HOLDINGS LTD

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| BRITTANY A. STILLWELL,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF LOS ANGELES, a municipal entity; ONNI REAL ESTATE IX, LLC, a Delaware limited liability company; ONNI REAL ESTATE HOLDINGS LTD, a Canadian limited corporation; KIMBALL, TIREY & ST. JOHN, LLP, a Louisiana Debt Collection Agency; CHRIS JAMES EVANS, an individual; and DOES 1 through 50 INCLUSIVE,<br><br>    Defendants. | Case No. 2:22-CV-09426-JWH-JC<br><br>**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT ONNI REAL ESTATE IX, LLC AND ONNI REAL ESTATE HOLDINGS LTD'S MOTION TO DISMISS**<br><br>Date:    April 26, 2024<br>Time:   9:00 a.m.<br>Crtrm.: 9D<br><br>The Hon. John w. Holcomb<br><br>Trial Date:    None Set |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Defendants ONNI REAL ESTATE IX, LLC and ONNI REAL ESTATE HOLDINGS LTD (hereinafter collectively "Onni") respectfully submit the following memorandum of points and authorities in reply to Plaintiff's Opposition to Onni's Motion to Dismiss Plaintiff's Second Amended Complaint ("Motion").

/ / /

/ / /

32388580.1:10784-1223

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT ONNI REAL ESTATE IX, LLC AND ONNI REAL ESTATE HOLDINGS LTD'S MOTION TO DISMISS

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants ONNI REAL ESTATE IX, LLC and ONNI REAL ESTATE HOLDINGS LTD (hereinafter collectively "Onni") filed a Motion to Dismiss Plaintiff Brittany Stillwell's (hereinafter "Plaintiff") Second Amended Complaint (hereinafter "SAC"), as Plaintiff has failed to comply with Federal Rule of Civil Procedure (hereinafter "FRCP"), 8 and the Court's February 12, 2024 Order (ECF No. 71). Specifically, the 69-page SAC containing 353 paragraphs is not a "short and plain" statement of each claim for relief showing that [Stillwell] is entitled to relief . . .." *Fed. R. Civ. P.* 8(a)(1), (2); *Fed. R. Civ. P.* 8(d)(1); *Fed. R. Civ. P.* 41.

Plaintiff filed an Opposition to the Motion, consisting of arguments equally as generalized and confusing as her initial Complaint and the SAC. Plaintiff's argument that she requires such an extensive pleading because of heightened pleading standards for fraud and Civil RICO claims does not excuse the requirements of FRCP 8. Notably, Plaintiff's RICO allegations are unclear and scattered throughout the SAC, including paragraphs 46; paragraphs 145-152; paragraphs 181-195 ; paragraphs 209-218 and paragraphs 286-308. Given that the SAC is not a short and plain statement of Plaintiff's claims and damages, it is unclear whether other paragraphs relate or otherwise pertain to the RICO allegations.

FRCP 8(a)(2) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *See Fed. R. Civ.* P 8(a)(2). According to the Supreme Court in *Ashcroft v. Iqbal, 129 S.Ct. 1937* (2009), "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* At 1949 (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation' of the elements of a cause of action will not do." *Id.* (*quoting Twombly*, 550 U.S. at 555).

Moreover, Plaintiff's claims that the extensive pleadings is required to prove

up alleged outrageous conduct of Onni and the damages incurred further does not preclude Plaintiff's compliance with FRCP 8.  The 69-page SAC remains unclear and the exact nature of Plaintiff's damages is difficult to discern. Further, it is difficult to identify the conduct that Onni specifically engaged in to allegedly cause the damages. It would be highly prejudicial and impractical to prepare a substantive response to the SAC as pled.  Therefore, it is respectfully requested that Onni's Motion be granted and Plaintiff's SAC be dismissed without leave to amend.

## II. PLAINTIFF'S SAC FAILS TO COMPLY WITH THE FEDERAL RULES OF CIVIL PROCEDURE.

Federal courts possess broad authority to dismiss an action "[i]f the plaintiff fails to . . . comply with [the Federal Rules of Civil Procedure]." *See Fed. R. Civ. P.* 41(b). FRCP 8 imposes a strict burden on the plaintiff to provide "a short and plain statement of [her] claim" and does not permit complaint's that are repetitious, wordy, confusing and unwieldy. *See Fed. R. Civ. P. 8*; s*ee also Nasious v. Two Unknown B.I.C.E. Agency*, 492 F.3d 1158, 1162-63 (10th Cir. 2007) (recognizing that defendants are "prejudiced by having to respond to pleadings [that are] wordy and unwieldy."); *See Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007).

Plaintiff's SAC is 69 pages with 330 numbered paragraphs, blatantly disregards the requirement for simplicity, conciseness and clarity. The lengthy SAC with numerous headings containing legal conclusions is improper because it is "written more as a press release . . . without simplicity, conciseness and clarity as to whom plaintiffs are suing and for what wrongs[.]" *See e.g., Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007).

## III. ONNI ATTEMPTED TO MEET AND CONFER IN GOOD FAITH

Plaintiff claims she was not afforded an opportunity to meet and confer with Onni regarding the SAC and thus will be unfairly prejudiced by having to further amend the SAC. However, all of Onni's concerns regarding the First Amended Complaint remain with the SAC and those concerns were communicated to the

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
9333 FAIRWAY VIEW PLACE, SUITE 200
RANCHO CUCAMONGA, CALIFORNIA 91730-3824
TELEPHONE 909 987 5240 ♦ FAX 909 987 5230

Plaintiff back in October 4, 2023. The confusing and unclear SAC still fails to provide a short and plain statement. Nevertheless, Onni's counsel attempted to contact Plaintiff on March 20, 2024 via telephone information provided by Plaintiff. Plaintiff advised Onni's counsel on March 20, 2024 that she was unable to discuss the SAC. Onni maintains that Plaintiff has not suffered any prejudice as a result of meet and confer efforts prior to the filing of this Motion.

Despite prior meet and confer efforts, Onni remains caught in the convoluted web of 17 causes of action against multiple defendants that are set forth in 330 numbered paragraphs that fill Plaintiff's 69 page complaint. It is improper and patently unfair for Onni to have to attempt to extricate themselves from claims that are lengthy, unclear and ambiguous. The Court should dismiss Plaintiff's SAC as a result of her failure to comply with the Federal Rules of Civil Procedure.

## V. CONCLUSION

For the foregoing reasons, Onni respectfully request that this Court dismiss or strike Plaintiff's SAC pursuant to Rules 8 and 41(a) without leave to amend as Plaintiff has shown an unwillingness to comply with the pleading requirements.

DATED: April 12, 2024            WOOD, SMITH, HENNING & BERMAN LLP

By: *[signature: Fred Vasquez]*
FRED R. VASQUEZ
CHRISTINA LONI
Attorneys for Defendants ONNI REAL ESTATE IX, LLC and ONNI REAL ESTATE HOLDINGS LTD

# PROOF OF SERVICE

## Brittany A. Stillwell v. City of Los Angeles, et al.
### Case No. 2:22-CV-09426-JWH-JC

I am employed in the County of San Bernardino, State of California. I am over the age of eighteen years and not a party to the within action. My business address is 9333 Fairway View Place, Suite 200, Rancho Cucamonga, CA 91730-3824.

On April 12, 2024, I served the following document(s) described as **REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT ONNI REAL ESTATE IX, LLC AND ONNI REAL ESTATE HOLDINGS LTD'S MOTION TO DISMISS** on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on April 12, 2024, at Ontario, California.

_____
Erin M. Peterson

32388580.1:10784-1223

-1-

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT ONNI REAL ESTATE IX, LLC AND ONNI REAL ESTATE HOLDINGS LTD'S MOTION TO DISMISS

**SERVICE LIST**
**Brittany A. Stillwell v. City of Los Angeles, et al.**
**Case No. 2:22-CV-09426-JWH-JC**

| | |
|---|---|
| Brittany Stillwell<br>8 Century Avenue, IFC Tower 2, Floor 8<br>Pudong District, Shanghai, China<br>200120<br>Tel: (702) 907-1908<br>E-mail: info@brittstillwell.com<br>**IN PRO PER** | Eli Gordon, Esq.<br>Tiffany D. Truong, Esq.<br>Kimball, Tirey & St. John LLP<br>915 Wilshire Boulevard<br>Suite 1650<br>Los Angeles, CA 90017<br>Tel: (213) 337-0050 / Fax: (213) 929-2212<br>E-mail: eli.gordon@kts-law.com<br>        Tiffany.Truong@kts-law.com<br>**Attorneys for Defendants KIMBALL, TIREY & ST. JOHN LLP; CHRIS JAMES EVANS** |

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
9333 FAIRWAY VIEW PLACE, SUITE 200
RANCHO CUCAMONGA, CALIFORNIA 91730-3824
TELEPHONE 909 987 5240 ♦ FAX 909 987 5230

32388580.1:10784-1223                           -2-
REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT ONNI REAL ESTATE IX, LLC AND ONNI REAL ESTATE HOLDINGS LTD'S MOTION TO DISMISS