Eli Gordon (SBN 252823)
Tiffany D. Truong (SBN 292463)
KIMBALL, TIREY & ST. JOHN LLP
915 Wilshire Blvd., Suite 1650
Los Angeles, California 90017
Telephone: (213) 337-0050
Facsimile: (213) 929-2212
Email: Eli.Gordon@kts-law.com
Email: Tiffany.Truong@kts-law.com

Attorneys for Defendants,
KIMBALL, TIREY & ST. JOHN LLP;
CHRIS JAMES EVANS

# IN THE UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRITTANY A. STILLWELL,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>ONNI REAL ESTATE IX, LLC, a Delaware limited liability company; ONNI REAL ESTATE HOLDINGS LTD, a Canadian limited corporation; KIMBALL, TIREY & ST. JOHN LLP, CHRIS JAMES EVANS, an individual; and Does 1-50 INCLUSIVE<br><br>　　　　Defendants. | Case No. 2:22-CV-09426-JWH-JC<br><br>**DEFENDANTS KIMBALL, TIREY & ST. JOHN LLP AND CHRIS JAMES EVANS' REPLY TO PLAINTIFF'S OPPOSITION TO THEIR MOTION TO DISMISS SECOND AMENDED COMPLAINT (ECF #77)**<br><br>Date: April 26, 2024<br>Time: 9:00 a.m.<br>Courtroom: 9D<br>Hon. John W. Holcomb |

-1-

**REPLY TO PLAINTIFF'S OPPOSITION TO KTS DEFENDANTS' MOTION TO DISMISS SAC**

Defendants Kimball, Tirey & St. John LLP ("KTS") and Chris James Evans ("Evans") (collectively "KTS Defendants") hereby submit their Reply to Plaintiff's Opposition to Their Motion to Dismiss the Second Amended Complaint ("SAC").

## I. INTRODUCTION

Plaintiff filed her Opposition to KTS Defendants' Motion to Dismiss her SAC. However, her arguments do not actually rebut the bases for the Motion. Plaintiff also requests this Court deny the Motion because of the timing of attempted meet and confer between KTS Defendants' counsel and Plaintiff. However, Plaintiff is grasping at perceived procedural issues to distract from the substantive issue-the repeated deficiencies in her operative complaint.

As Plaintiff acknowledges, counsel for the KTS Defendants attempted to meet and confer with her. It was Plaintiff that ultimately declined the meet and confer. It is also worth noting that the KTS Defendants' present Motion to Dismiss is based on substantially the same issues as those in the Motion to Dismiss Plaintiff's First Amended Complaint ("FAC"). The parties met and conferred prior to filing of the Motion to Dismiss the FAC, and Plaintiff had stated at that time she did not intend to amend the complaint without a court determination on the issues. The KTS Defendants submit that even if the parties had met and conferred, it would not have negated the need for the present motion.

This Court should rule on the merits of the Motion.

## II. ARGUMENT

### A. The Opposition Does Not Explain the Failure to Comply with Rule 8 and This Court's February 13, 2024 Order

Plaintiff's Opposition makes substantially the same arguments as those contained in her Opposition to the KTS Defendants' Motion to Dismiss the FAC. (See, ECF # 63). This Court did not find those arguments compelling then, and it

-1-

**REPLY TO PLAINTIFF'S OPPOSITION TO KTS DEFENDANTS' MOTION TO DISMISS SAC**

should likewise reject said arguments now. The fact is Plaintiff's SAC continues to contain the same deficiencies as prior complaints. As a result, the KTS Defendants, along with Onni Real Estate IX, LLC and Onni Real Estate Holdings Ltd. (collectively "Onni Defendants"), are repeatedly forced to file motions to dismiss for the repeated defects.

Rule 8 sets forth requirements for all pleadings filed in federal court, mainly that a pleading for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 can be violated "when a pleading says too little" or "when a pleading says too much." *Knapp v. Hogan*, 574 U.S. 815 (2014). "[A] pleading that [is] needlessly long, or . . . highly repetitious, or confused, or consist[s] of incomprehensible rambling" violates Rule 8(a). *Cafasso v. Gen. Dyn. C4 Sys.,* 637 F.3d 1047, 1059 (9th Cir. 2011). Dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit. Rule 8's requirements apply "to good claims as well as bad, and [are] a basis for dismissal independent of Rule 12(b)(6)." *McHenry v. Renne,* 84 F.3d 1172, 1179 (9th Cir. 1996).

Here, Plaintiff's SAC contains 330 paragraphs and a litany of exhibits consisting of 71 pages. The Opposition alleges that over 100 paragraphs were needed to compute Plaintiff's damages. Plaintiff does not explain why she is unable to meet the heightened pleading standard for RICO claims while also complying with Rule 8's requirements to use a short and plain statement of the factual allegations.

Despite the volume and length of the SAC, Plaintiff does not actually meet the pleading requirements for each of the causes of action against KTS. Instead, the SAC continues to violate Rule 8 with an unnecessarily lengthy, repetitive, and confusing laundry list of allegations which do not actually amount to stating a claim for relief which may be granted against the KTS Defendants. Plaintiff

attempts to justify the exhibits as documents produced in her Initial Disclosures, however, there is no authority which states documents produced in Initial Disclosures are required to be included in a complaint. The SAC only leaves the defendants to guess and needlessly parse through the voluminous pleading to try determining what they are called to answer for.

### B. The Opposition Lumps Together Multiple Claims Under One Confusing Argument Alleging the KTS Defendants Violated the Fair Housing Act ("FHA")

The KTS Defendants filed their Motion to Dismiss challenging the sufficiency of Plaintiff's claims against them for violating the FHA, the Fair Debt Collection Practices Act ("FDCPA"), and several RICO laws. Rather than addressing each of the bases of KTS Defendants' Motion for these respective claims, the Opposition instead amalgamates all the legal and factual bases for these claims under one section claiming KTS Defendants violated the FHA. This has resulted in an ambiguous line of argument which completely fails to rebut the bases for the present Motion.

A comparison of the present Opposition with Plaintiff's prior Opposition in response to the Motion to Dismiss the FAC (ECF #63) shows that the entire section alleging KTS Defendants violated the FHA is almost identical. The only changes appear to be removal of references to specific paragraphs of the prior pleading. This Court did not find the arguments contained in ECF #63 compelling and should likewise reject these arguments raised by Plaintiff.

The Opposition alleges that the KTS Defendants violated the FHA by engaging in behavior that created a hostile environment for Plaintiff based upon an analysis used in employment discrimination, relying on *Harris v. Itzhaki*, 183 F.3d 1043, 1051. Plaintiff however loses sight of the fact that an FHA claim must come under a theory of disparate treatment or disparate impact. *Id.* The Motion

emphasized the ambiguity of the SAC on this issue, yet Plaintiff has not addressed it. There are no clear allegations in the SAC that any actions by the KTS Defendants were either motivated by a discriminatory intent or had a disparate impact on Plaintiff, nor are there allegations that KTS Defendants even knew of Plaintiff's alleged membership in a protected class.

The Opposition goes on to argue KTS contributed to a hostile environment for Plaintiff by sending men to her home to collect a debt that was not due, but there is no authority cited which would actually make the KTS Defendants subject to the FHA. KTS Defendants are neither housing providers, brokers, or otherwise involved in the sale or rental of dwellings—as Plaintiff admits, KTS Defendants are a law firm and attorney engaged in the unlawful detainers against her. The Opposition alleges that the KTS Defendants knew or should have known that the unlawful detainers it filed on behalf of Plaintiff's landlord were largely against tenants of protected classes. However, this is nothing but a conclusory statement with no factual allegations setting forth how the KTS Defendants could have known there was any allegedly discriminatory intent or disparate impact of the unlawful detainer filings. Moreover, under California's litigation privilege, the KTS Defendants cannot be liable for filing cases to pursue their client's contractual rights (i.e. filing unlawful detainer cases against persons who failed to comply with their lease). See *Cal. Civil Code* §47.

The Opposition also argues the KTS Defendants sent "random men" to collect a debt that was not due, which constitutes a violation of the Tenant Anti-Harassment Ordinance. According to the SAC, the Tenant Anti-Harassment Ordinance is based in the Los Angeles Municipal Code. (SAC, ¶60-61.) Paragraph 171 of the SAC, under a heading labeled "Malicious Prosecution-June 2022 Unlawful Detainer" alleges Onni and the KTS Defendants sent these men to collect on the debt. There are no allegations regarding discriminatory intent in this

-4-

**REPLY TO PLAINTIFF'S OPPOSITION TO KTS DEFENDANTS' MOTION TO DISMISS SAC**

behavior. It is unclear how alleged violation of a municipal code is a basis for violation of the FHA. It is further unclear if the men referenced by Plaintiff were actually process servers with the summons for the unlawful detainers filed by the KTS Defendants. Based on the location of Paragraph 171 under the heading about the June 2022 unlawful detainer, it seems quite plausible those were process servers. The allegations in the SAC are vague and ambiguous as alleged, especially because if the men were process servers, their attempts to serve Plaintiff at her home are directly protected by California's litigation privilege.

Finally, the Opposition generally argues that KTS was necessary and integral to RICO schemes alleged in the SAC. Once again, only conclusory statements are made in the Opposition, mirroring those in the SAC. The Opposition fails to address all of the defects in the SAC's RICO claims as set forth in the Motion to Dismiss, particularly the failure of the SAC to meet the heightened pleading standard for such claims.

The Opposition completely fails to rebut, reference, or address the bases for the Motion to Dismiss the FDCPA claim, thus Plaintiff has **conceded** as to the propriety of dismissing said claim for reasons stated in the Motion.

### C. There Is No Good Cause to Exercise Supplemental Jurisdiction Over KTS Defendants.

Upon dismissal of Plaintiff's Fourth, Eighth, Twelfth, and Thirteenth causes of action against the KTS Defendants for the reasons set forth in the Motion to Dismiss, all other remaining causes of action in the SAC against the KTS Defendants arise out of California law. The Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims and dismiss said claims against the KTS Defendants pursuant to Rule 12(b)(1). State law claims are before the Court pursuant to the Court's supplemental jurisdiction. See 28 U.S.C. § 1367(a); *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 558 (2005).

The Ninth Circuit has also encouraged dismissal of state law claims if federal claims are dismissed prior to trial. See, *Acri v. Varian Assocs., Inc.,* 114 F.3d 999, 1000 (9th Cir.), Supplemented, 121 F.3d 714 (9th Cir. 1997), as amended (Oct. 1, 1997) (quoting *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 726 (1966)) (emphasis omitted).

The Opposition argues that the KTS Defendants are jointly liable for claims under the Sixteenth and Seventeenth Causes of Action for Intentional and Negligent Infliction of Emotional Distress and are therefore a necessary party in this case. Both claims are based on California law. Plaintiff also ignores the fact that the Onni Defendants have a Motion to Dismiss the SAC set to be heard by this Court simultaneously with the KTS Defendants' present motion. The Onni Defendants have likewise set forth their arguments that this Court should decline exercising supplemental jurisdiction over the remaining state court claims (such as those for intentional and negligent infliction of emotional distress). Assuming the Onni Defendants' Motion to Dismiss is granted, it would also result in dismissal of remaining state court claims jointly involving the Onni Defendants and the KTS Defendants. This would negate the Opposition's argument that KTS Defendants are necessary parties to lingering state tort claims before this Court.

### D. There Is No Good Cause For Further Amendment of the Complaint

There is no good cause to allow Plaintiff further opportunities to amend her complaint. Plaintiff requests this Court to grant a motion for more definite statement under Rule 12(e) because it would be less detrimental to her procedurally. However, the KTS Defendants filed the present Motion to Dismiss pursuant to Rule 12(b)(6)—Plaintiff cannot simply request this Court to change the nature of the movant's motion.

-6-

**REPLY TO PLAINTIFF'S OPPOSITION TO KTS DEFENDANTS' MOTION TO DISMISS SAC**

Plaintiff is now asking for a **fourth** bite at the apple. This Court already granted motions to dismiss two (2) prior complaints while providing Plaintiff leave to amend with detailed instructions on how to cure said defects. Plaintiff has wasted both opportunities to cure the defects in her pleading.

Further, this Court's February 12, 2024 Order (ECF # 77) expressly cautioned Plaintiff that further leave to amend was unlikely to be given. There is no good cause or further explanation provided in the Opposition which indicates additional leave to amend would actually address the bases for the Motion to Dismiss.

A "pro se litigant is not excused from knowing the most basic pleading requirements." *American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107-08 (9th Cir. 2000), *cert. denied*, 532 U.S. 1008 (2001). pro se complaints are routinely dismissed for their failure to abide by Rule 8. *Orea v. Quality Loan Serv., Corp.,* No. ED-CV-18-2570-JGBKKX, 2019 WL 8884117, at *4 (C.D. Cal. Nov. 26, 2019), aff'd, 859 F. App'x 799 (9th Cir. 2021); *see also, e.g., Shu v. Brennan,* CV17-5393 PA (JEMx), 2017 U.S. Dist. LEXIS 232318 at *1 (C.D. Cal. Dec. 4, 2017) (dismissing pro se plaintiff's 148-page, 269-paragraph complaint); *Scott v. Beregovskay,* 1:17-cv-01146-AWI-GSA-PC, 2017 WL 3896366, at *1 (E.D. Cal. Sept. 6, 2017) (dismissing pro se plaintiff's eighty-page complaint for lack of short and plain statement of claims).

Plaintiff has received more than ample opportunity from this Court to cure her pleading, and it is clear at this point that she will continue to fail to do so. Plaintiff does not have the right to unlimited opportunities to fix simple issues in the pleading so that it complies with Rule 8.

The KTS Defendants have used significant resources over the course of this time to defend itself. To continue allowing leave to amend will simply continue to prejudice the KTS Defendants by unnecessarily wasting further resources on a

defective complaint. This Court should not waste further of its precious judicial resources by entertaining further leave to amend.

## III. CONCLUSION

Due to the foregoing, the KTS Defendants respectfully request this Court dismiss Plaintiff's federal claims in her Fourth, Eighth, Twelfth, and Thirteenth causes of action against the KTS Defendants and dismiss Plaintiff's remaining state law claims against the KTS Defendants pursuant to Rule 12(b)(1).

*Respectfully submitted,*

DATED: April 12, 2024    KIMBALL, TIREY & ST. JOHN, LLP

By: /s/ Tiffany D. Truong

Attorney for Defendants

# PROOF OF SERVICE

I, Beverly Banner, declare:

I am, and was at the time of service of the papers herein referred to, over the age of eighteen (18) years, and not a party to the within action. I am employed in the County of Los Aneles, California, in which county the within-mentioned mailing occurred. My business address is 915 Wilshire Blvd., Suite 1650, Los Angeles, CA 90017.

On April 12, 2024, I served the following document(s):

**DEFENDANTS KIMBALL, TIREY & ST. JOHN LLP AND CHRIS JAMES EVANS' REPLY TO PLAINTIFF'S OPPOSITION TO THEIR MOTION TO DISMISS SECOND AMENDED COMPLAINT (ECF #71)**

on the following parties:

Brittany A. Stillwell
8 Century Avenue, IFC Tower 2, Floor 8
Pudong District, Shanghai, China 200120
Email: info@brittstillwell.com

*Plaintiff – In Proper*

**XX** **(ELECTRONICALLY)** I caused this document(s) to be electronically filed with the court and a Notice of Electronic Filing (NEF) is automatically generated by the CM/ECF system and sent by e-mail to all attorneys in the case who are registered as CM/ECF Users and have consented to electronic service. Service by this electronic NEF constitutes service pursuant to the Federal Rules of Civil for all attorneys who have consented to electronic service. Attorneys not registered for the CM/ECF system or who did not consent to electronic service must be served as otherwise provided by the Federal Rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 12, 2024, at Los Angeles, California.

/s/ Beverly Banner
_____
Beverly Banner