Brittany A. Stillwell
info@brittstillwell.com
8 Century Avenue, IFC Tower 2, Floor 8
Pudong District, Shanghai, China 200120
Tel: 702-907-1908
PLAINTIFF APPEARING IN PRO PER

# U.S. DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BRITTANY A. STILLWELL**, *an individual*<br><br>Plaintiff,<br><br>v.<br><br>**CITY OF LOS ANGELES,** a municipal entity; **ONNI REAL ESTATE IX, LLC,** a Delaware limited liability company; **ONNI REAL ESTATE HOLDINGS LTD**, a Canadian limited corporation; **KIMBALL, TIREY & ST. JOHN LLP,** a Louisiana Debt Collection Agency; **CHRIS JAMES EVANS,** an individual; and **DOES 1-7, inclusive,**<br><br>Defendants. | Case No. 2:22-cv-09426-JWH-JC<br>*Hon. John W. Holcomb*<br>*Referred to Hon. Jacqueline Chooljian*<br><br>**PLAINTIFF'S NOTICE OF APPEAL** |

TO THE COURT, ALL PARTIES, AND ATTORNEYS OF RECORD: NOTICE IS HEREBY GIVEN that Plaintiff, BRITTANY A. STILLWELL hereby appeals to the United States Court of Appeals for the Ninth Circuit from the following Civil ORDER and JUDGEMENT:

1. ORDER, entered and filled on September 19, 2024 as docket number 84; and

PLAINTIFF'S NOTICE OF APPEAL

1

2. JUDGEMENT, entered and filled on September 19, 2024 as docket number 85.

A copy of said Order (ECF No. 84) and Judgment (ECF No. 85) are attached hereto. A Notice of Appeal (Form A-02) is attached hereto. Pursuant to Ninth Circuit Rule 3-2, a Representation Statement (Form 6) is also attached hereto.

Dated: October 17, 2024

                                              /s/ Brittany A. Stillwell_____,
                                              Brittany A. Stillwell, *Plaintiff*
                                              Appearing in Pro Per

PLAINTIFF'S NOTICE OF APPEAL

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRITTANY A. STILLWELL<br><br>Plaintiff,<br><br>v.<br><br>CITY OF LOS ANGELES, a municipal entity;<br>ONNI REAL ESTATE IX, LLC, a Delaware limited liability company;<br>ONNI REAL ESTATE HOLDINGS LTD, a Canadian limited corporation;<br>KIMBALL, TIREY & ST. JOHN LLP, a Louisiana Debt Collection Agency;<br>CHRIS JAMES EVANS, an individual; and<br>DOES 1-7, inclusive,<br><br>Defendants. | Case No. 2:22-cv-09426-JWH-JC<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS [ECF Nos. 74 & 75]** |

Before the Court are two motions:

- the motion of Defendants Onni Real Estate IX, LLC and Onni Real Estate Holdings Ltd. (the "Onni Defendants")[1] to dismiss the Second Amended Complaint of Plaintiff Brittany A. Stillwell;[2] and
- the motion of Defendants Kimball, Tirey & St. John LLP and Chris James Evans (the "KTS Defendants") also to dismiss Stillwell's Amended Complaint.[3]

The Court concludes that these matters are appropriate for resolution without a hearing.  *See* Fed. R. Civ. P. 78; L.R. 7-15.  After considering the papers filed in support and in opposition,[4] the Court **GRANTS** both the Onni Motion and the KTS Motion and **DISMISSES** the Amended Complaint **without leave to amend**, for the reasons set forth herein.

## I.  BACKGROUND

**A.   Complaint**

In December 2022, Stillwell, proceeding *pro se*, initiated this action by filing a Complaint against the City of Los Angeles, the Onni Defendants, the KTS Defendants, and Does 1-50.[5]  That pleading spanned 221 pages and

---

[1]   Onni Defs.' Mot. to Dismiss (the "Onni Motion") [ECF No. 74].

[2]   Second Am. Compl. (the "Amended Complaint") [ECF No. 73].

[3]   KTS Defs.' Mot. to Dismiss (the "KTS Motion") [ECF No. 75].

[4]   The Court considered the documents of record in this action, including the following papers:  (1) Amended Complaint; (2) Onni Motion; (3) KTS Motion; (4) Pl.'s Opp'n to the Onni Motion (the "Onni Opposition") [ECF No. 76]; (5) Pl.'s Opp'n to the KTS Motion (the "KTS Opposition") [ECF No. 77]; (6) Onni Reply in Supp. of the Onni Motion (the "Onni Reply") [ECF No. 78]; and (7) KTS Reply in Supp. of the KTS Motion (the "KTS Reply") [ECF No. 79].  Because the Court did not rely on the materials in the KTS Defendants' Request for Judicial Notice [ECF No. 75-1], that request is **DENIED as moot**.

[5]   Compl. [ECF No. 1].

contained 793 paragraphs, and it included an additional 125 pages of exhibits.[6] The KTS Defendants answered the Complaint;[7] and the City and the Onni Defendants each moved to dismiss.[8] Because Stillwell subsequently dismissed her claims against the City,[9] the Court denied the City's Motion as moot.[10]

The Court granted the Onni Defendants' Motion to Dismiss the Complaint under Rule 8 of the Federal Rules of Civil Procedure.[11] The Court provided the following directions to Stillwell, if she chose to file an amended pleading:

> Stillwell's amended pleading must satisfy the following conditions:
>
> a.  it must be labeled "First Amended Complaint";
>
> b.  it must be complete in and of itself and must not refer in any manner to the original Complaint—*i.e.*, it must include all claims on which Stillwell seeks to proceed, *see* L.R. 15-2;
>
> c.  it must contain a "short and plain" statement of each claim for relief "showing that [Stillwell] is entitled to relief," Fed. R. Civ. P. 8(a);
>
> d.  it must make each allegation "simple, concise and direct" and must contain factual allegations in clear short, concise,

---

[6] *Id.*

[7] Answer [ECF No. 21].

[8] Def.'s Mot. to Dismiss [ECF No. 25]; Onni Defs.' Mot. to Dismiss [ECF No. 27].

[9] *See* Pl.'s Not. of Dismissal of Def. City of Los Angeles Pursuant to Fed. R. Civ. P. 41(a) [ECF No. 44].

[10] Ord. Addressing Findings, Conclusions, and Recommendations of United States Magistrate Judge (the "Order Dismissing the Complaint") [ECF No. 45] ¶ 1.

[11] *Id.* at ¶ 3.

numbered paragraphs, each "limited as far as practicable to a single set of circumstances," Fed. R. Civ. P. 8(d)(1) & 10(b);

  e. it must set forth clearly the sequence of events giving rise to the claims for relief;

  f. it must reflect which claims are brought against which defendant(s) and must allege specifically what each defendant did and how that defendant's conduct specifically violated Stillwell's rights;

  g. it must not add defendants or claims that are not related to the claims asserted in the Complaint;

  h. it must name all parties in the caption/title, *see* Fed. R. Civ. P. 10(a);

  i. it must sue no more than 10 Doe Defendants, *see* L.R. 19-1; and

  j. it must set forth "Each claim founded on a separate transaction or occurrence . . . in a separate count," Fed. R. Civ. P. 10(b).[12]

## B. First Amended Complaint

Stillwell's First Amended Complaint, filed in September 2023, spanned 186 pages and contained 729 paragraphs, and it included an additional 144 pages of exhibits. In October 2023, both the Onni Defendants and the KTS Defendants moved to dismiss the First Amended Complaint for failure to comply with Rule 8.[13] The Court granted both Motions.[14]

---

[12] *Id.* at ¶ 4.

[13] Onni Defs.' Mot. to Dismiss [ECF No. 56] & KTS Defs.' Mot. to Dismiss [ECF No. 58].

[14] Ord. Granting Defs.' Mots. to Dismiss (the "Order Dismissing the First Amended Complaint") [ECF No. 71].

The Court determined that, "[o]nce again, Stillwell has not complied with Rule 8 because the [First] Amended Complaint does not set forth a short and plain statement of her claims."[15] The Court further concluded that, despite its length, the First Amended Complaint "does not allege specific facts showing that Defendants violated Stillwell's rights[.]"[16] Additionally, the Court noted that "Stillwell has largely failed to remedy the deficiencies in the Complaint."[17] Because Stillwell is proceeding *pro se*, the Court dismissed the First Amended Complaint but granted leave to amend.[18] But the Court "cautioned that, in the event that Stillwell files a Second Amended Complaint and it remains deficient, further leave to amend is unlikely to be granted."[19]

The Court again provided the following directions to Stillwell, if she chose to file an amended pleading:

> Stillwell's amended pleading must satisfy the following conditions:
> 
> a. it must be labeled "Second Amended Complaint";
> 
> b. it must be complete in and of itself and must not refer in any manner to the original Complaint or the First Amended Complaint—*i.e.*, it must include all claims on which Stillwell seeks to proceed, *see* L.R. 15-2;
> 
> c. it must contain a "short and plain" statement of each claim for relief "showing that [Stillwell] is entitled to relief," Fed. R. Civ. P. 8(a);

---

[15] *Id.* at 7.
[16] *Id.*
[17] *Id.* at 8.
[18] *Id.*
[19] *Id.*

    d. it must make each allegation "simple, concise and direct" and must contain factual allegations in clear short, concise, numbered paragraphs, each "limited as far as practicable to a single set of circumstances," Fed. R. Civ. P. 8(d)(1) & 10(b);

    e. it must set forth clearly the sequence of events giving rise to the claims for relief;

    f. it must reflect which claims are brought against which defendant(s) and must allege specifically what each defendant did and how that defendant's conduct specifically violated Stillwell's rights;

    g. it must not add defendants or claims that are not related to the claims asserted in the Complaint;

    h. it must name all parties in the caption/title, *see* Fed. R. Civ. P. 10(a);

    i. it must sue no more than 10 Doe Defendants, *see* L.R. 19-1; and

    j. it must set forth "each claim founded on a separate transaction or occurrence . . . in a separate count," Fed. R. Civ. P.10(b).

## C. Second Amended Complaint

In March 2024, Stillwell filed the operative Amended Complaint. The Amended Complaint is 71 pages long, and it contains over 300 paragraphs of allegations.[20] The Amended Complaint concerns a landlord-tenant dispute among Stillwell (tenant); the Onni Defendants (landlord); and the KTS Defendants (who represent Onni in unlawful detainer actions and engage in the

---

[20] *See* Amended Complaint.

business of collecting debts).[21]  Stillwell raises the following claims for relief against the named defendants:

- negligence against the Onni Defendants;
- premises liability against the Onni Defendants;
- violation of Unruh Civil Rights Act against the Onni Defendants;
- violation of the Fair Housing Act against the Onni Defendants and the KTS Defendants;
- malicious prosecution (December 2021 Unlawful Detainer) against the Onni Defendants and the KTS Defendants;
- malicious prosecution (June 2022 Unlawful Detainer) against the Onni Defendants and the KTS Defendants;
- violations of City of Los Angeles Temporary Protection of Tenants During COVID-19 Pandemic against the Onni Defendants;
- violations of the Fair Debt Collection Practices Act against the KTS Defendants;
- violation of Cal. Civ. Code § 1942.5 (retaliation) against the Onni Defendants;
- violations of the Tom Bane Civil Right Act against the Onni Defendants and the KTS Defendants;
- violations of the Tenant Anti-Harassment Ordinance against the Onni Defendants and the KTS Defendants;
- civil RICO 18 U.S.C. §§ 1962(c), 1964(c) Predicate Act:  Wire Fraud, 18 U.S.C. § 1346 against the Onni Defendants and the KTS Defendants;
- civil RICO 18 U.S.C.§§ 1962(c), 1964(c) Predicate Act:  Wire Fraud, 18 U.S.C. § 1343;

---

[21]  *See generally id.*

- violations of Cal. Bus. & Prof. Code §§ 17200 *et seq.* against the Onni Defendants and the KTS Defendants;
- breach of contract against the Onni Defendants;
- intentional infliction of emotional distress against the Onni Defendants and the KTS Defendants; and
- negligent infliction of emotional distress against the Onni Defendants and the KTS Defendants.[22]

The Onni Motion and the KTS Motion were filed in March 2023, and they are fully briefed.

## II.  LEGAL STANDARD

### A.  Rule 12(b)(6)—Failure to State a Claim

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In ruling on a Rule 12(b)(6) motion, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Am. Family Ass'n v. City & County of San Francisco*, 277 F.3d 1114, 1120 (9th Cir. 2002). Although a complaint attacked by a Rule 12(b)(6) motion "does not need detailed factual allegations," a plaintiff must provide "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To state a plausible claim for relief, the complaint "must contain sufficient allegations of underlying facts" to support its legal conclusions. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . ." *Twombly*, 550 U.S. at 555 (citations and footnote omitted). Accordingly, to survive a motion to dismiss, a complaint "must contain sufficient factual matter,

---

[22]  *Id.*

-8-

accepted as true, to state a claim to relief that is plausible on its face," which means that a plaintiff must plead sufficient factual content to "allow[] the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A complaint must contain "well-pleaded facts" from which the Court can "infer more than the mere possibility of misconduct." *Id.* at 679.

### B. Rule 15(a)—Leave to Amend

A district court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). The purpose underlying the liberal amendment policy is to "facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). Therefore, leave to amend should be granted unless the Court determines "that the pleading could not possibly be cured by the allegation of other facts." *Id.* (quoting *Doe v. United States*, 8 F.3d 494, 497 (9th Cir. 1995)).

### III. ANALYSIS

### A. L.R. 7-3

This Court's Local Rules provides that "counsel contemplating the filing of any motion must first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution. The conference must take place at least 7 days prior to the filing of the motion." L.R. 7-3. Stillwell asserts that the Onni Defendants and the KTS Defendants failed to comply with L.R. 7-3.[23]

The Onni Defendants and the KTS Defendants filed their respective Motions on March 22, 2024. In the notice of the KTS Motion, counsel for KTS explains that they contacted Stillwell on March 18, 2024, to meet and confer, but Stillwell was unable to do so because she was located in a remote region and

---

[23] Onni Opposition 1:19-2:8; KTS Opposition 1:15-2:7.

she did not have access to her files.  In the notice of the Onni Motion, counsel for Onni explains that they contacted Stillwell on March 20, 2024, in an attempt to meet and confer, but Stillwell was unprepared to discuss the Second Amended Complaint.

The Court concludes that the moving Defendants did not comply with L.R. 7-3.  The Court may deny the Onni and KTS Motions on that basis alone.  *See Masimo Corp. v. Apple Inc.*, 2020 WL 5215385, at *2 (C.D. Cal. Aug. 4, 2020).  However, Stillwell had a fair opportunity to respond to Onni and KTS's arguments in her opposition brief.  The Court agrees with Onni and KTS's assertion that the issues raised in the instant Motions were also raised in their prior Motions to Dismiss and that they communicated those concerns to Stillwell in October 2023.[24]  Accordingly, the Court elects to decide the Onni and KTS Motions on the merits.  *See Santana v. Specialized Loan*, 2022 WL 17886019, at *3 (C.D. Cal. Nov. 2, 2022).

**B.     Rule 8**

    **1.     Applicable Law**

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).  "Pro se plaintiffs must follow the same rules of procedure that govern other litigants." *Rupert v. Bond*, 68 F. Supp. 3d 1142, 1153 (N.D. Cal. 2014) (internal quotation marks and citation omitted).

Rule 8 can be violated either "when a pleading says too little" or "when a pleading says too much." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (italics omitted), *cert. denied*, 574 U.S. 815 (2014); *see also Cafasso, U.S. ex rel. v. General Dynamics C4 Sys.*, 637 F.3d 1047, 1058 (9th Cir. 2011) ("we have never

---

[24]     Onni Reply 3:28-4:1; KTS Reply 1:14-16.

held—and we know of no authority supporting the proposition—that a pleading may be of unlimited length and opacity"); *McHenry v. Rennie*, 84 F.3d 1172, 1177-80 (9th Cir. 1996) (affirming the Rule 8 dismissal of a complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"); *Schmidt v. Herman*, 614 F.2d 1221, 1224 (9th Cir. 1980) (affirming the Rule 8 dismissal of "confusing, distracting, ambiguous, and unintelligible pleadings").

### 2. Application

After considering the relevant facts and the applicable law, the Court concludes that it must dismiss the Amended Complaint for failure to comply with Rule 8.

The Court recognizes that Stillwell has substantially reduced the page length of her Amended Complaint. But that pleading still includes unnecessary legal arguments and extraneous factual allegations. The Amended Complaint does not include simple, concise, and direct statements that allege plausibly that any Defendant violated Stillwell's rights. The Court agrees with the Onni Defendants' assertion that Stillwell does not allege specific facts showing any action or failure by Onni violating her rights and that, without such details, "Onni cannot discern the substance of any purported claim against Onni."[25] Similarly, the Court agrees with KTS's assertion that Stillwell "fails to allege specific facts showing any conduct of the KTS Defendants which violated her rights and entitle[s] her to relief" and, because of that failure, the "KTS Defendants cannot determine the grounds for any purported claim against them[.]"[26]

---

[25] Onni Motion 6:27-7:2.

[26] KTS Motion 7:1-4.

### C. Leave to Amend is Not Warranted

In the Order Dismissing the First Amended Complaint, the Court "cautioned that, in the event that Stillwell files a Second Amended Complaint and it remains deficient, further leave to amend is unlikely to be granted."[27]

The Second Amended Complaint is deficient for the same reasons that the First Amended Complaint was deficient. A district court has "particularly broad" discretion to deny leave to amend when the plaintiff has previously amended its pleading. *See Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) (citation omitted). Stillwell has received multiple opportunities to amend, but her Amended Complaint still fails to comply with Rule 8. Accordingly, the Court concludes that leave to amend is not warranted.

## IV. DISPOSITION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. The Onni Motion [ECF No. 74] and the KTS Motion [ECF No. 75] are **GRANTED**. Stillwell's Amended Complaint is **DISMISSED without leave to amend**.

2. Judgment shall issue accordingly.

**IT IS SO ORDERED.**

Dated: September 19, 2024

John W. Holcomb
UNITED STATES DISTRICT JUDGE

---

[27] Order Dismissing First Amended Complaint 8.

Case 2:22-cv-09426-JWH-JC    Document 85    Filed 09/19/24    Page 15 of 20   Page ID
#:2407

JS-6

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRITTANY A. STILLWELL,<br><br>  Plaintiff,<br><br>  v.<br><br>CITY OF LOS ANGELES, a municipal entity;<br>ONNI REAL ESTATE IX, LLC, a Delaware limited liability company;<br>ONNI REAL ESTATE HOLDINGS LTD, a Canadian limited corporation;<br>KIMBALL, TIREY & ST. JOHN LLP, a Louisiana Debt Collection Agency;<br>CHRIS JAMES EVANS, an individual; and<br>DOES 1-7, inclusive,<br><br>  Defendants. | Case No. 2:22-cv-09426-JWH-JC<br><br>**JUDGMENT** |

Pursuant to the "Order Granting Defendants' Motions to Dismiss [ECF Nos. 74 & 75]" entered substantially contemporaneously herewith, and in accordance with Rules 8 and 58 of the Federal Rules of Civil Procedure,

It is hereby **ORDERED**, **ADJUDGED**, and **DECREED** as follows:

1. This Court possesses subject matter jurisdiction over the above-captioned action pursuant to 28 U.S.C. § 1331 and § 1367.

2. The operative pleading is the Second Amended Complaint [ECF No. 73] filed by Plaintiff Brittany A. Stillwell.

3. Defendant City of Los Angeles was **DISMISSED without prejudice** on or about July 23, 2023.

4. Defendants Does 1-7, inclusive, are **DISMISSED**.

5. Defendants Onni Real Estate IX, LLC; Onni Real Estate Holdings Ltd; Kimball, Tirey, & St. John LLP; and Chris James Evans shall have **JUDGMENT** in their **FAVOR** and **AGAINST** Plaintiff Brittany A. Stillwell. Plaintiff Brittany A. Stillwell shall take nothing by way of her Second Amended Complaint.

6. Other than potential post-judgment remedies (including those provided in Rule 54(d) of the Federal Rules of Civil Procedure), to the extent that any party requests any other form of relief, such request is **DENIED**.

**IT IS SO ORDERED.**

Dated: September 19, 2024

John W. Holcomb
UNITED STATES DISTRICT JUDGE

Name: Brittany A. Stillwell
Address: 8 Century Avenue, IFC Tower 2, Floor 8
City, State, Zip: Pudong District, Shanghai, China 200120
Phone: 702-907-1908
Fax:
E-Mail: info@brittstillwell.com

☐ FPD  ☐ Appointed  ☐ CJA  ☒ Pro Per  ☐ Retained

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| BRITTANY A. STILLWELL | CASE NUMBER: |
|---|---|
| PLAINTIFF(S), | 2:22-cv-09426-JWH-JC |
| v. | |
| CITY OF LOS ANGELES et al | NOTICE OF APPEAL |
| DEFENDANT(S). | |

NOTICE IS HEREBY GIVEN that __BRITTANY A. STILLWELL__ hereby appeals to
*Name of Appellant*
the United States Court of Appeals for the Ninth Circuit from:

**Criminal Matter**

☐ Conviction only [F.R.Cr.P. 32(j)(1)(A)]
☐ Conviction and Sentence
☐ Sentence Only (18 U.S.C. 3742)
☐ Pursuant to F.R.Cr.P. 32(j)(2)
☐ Interlocutory Appeals
☐ Sentence imposed:

☐ Bail status:

**Civil Matter**

☒ Order (specify):
   ECF Docket Number 84

☒ Judgment (specify):
   ECF Docket Number 85

☐ Other (specify):

Imposed or Filed on __September 19, 2024__. Entered on the docket in this action on __September 19, 2024__.

A copy of said judgment or order is attached hereto.

October 17, 2024                    /s/ Brittany A. Stillwell
Date                                Signature
                                    ☒ Appellant/ProSe   ☐ Counsel for Appellant   ☐ Deputy Clerk

**Note:** The Notice of Appeal shall contain the names of all parties to the judgment or order and the names and addresses of the attorneys for each party. Also, if not electronically filed in a criminal case, the Clerk shall be furnished a sufficient number of copies of the Notice of Appeal to permit prompt compliance with the service requirements of FRAP 3(d).

# UNITED STATES DISTRICT COURT

**FOR THE DISTRICT OF** CENTRAL DISTRICT OF CALIFORNIA

## Form 1. Notice of Appeal from a Judgment or Order of a United States District Court

U.S. District Court case number: 2:22-cv-09426-JWH-JC

Notice is hereby given that the appellant(s) listed below hereby appeal(s) to the United States Court of Appeals for the Ninth Circuit.

Date case was first filed in U.S. District Court: 12/27/2022

Date of judgment or order you are appealing: 09/24/2024

Docket entry number of judgment or order you are appealing: ECF Nos. 84 & 85

Fee paid for appeal? *(appeal fees are paid at the U.S. District Court)*

☉ Yes    ○ No    ○ IFP was granted by U.S. District Court

**List all Appellants** *(List each party filing the appeal. Do not use "et al." or other abbreviations.)*

Brittany A. Stillwell

Is this a cross-appeal?   ○ Yes   ☉ No

If yes, what is the first appeal case number?

Was there a previous appeal in this case?   ○ Yes   ☉ No

If yes, what is the prior appeal case number?

Your mailing address (if pro se):

8 Century Avenue, IFC Tower 2, Floor 8

Pudong District, Shanghai, China 200120

City: Shanghai    State: CHINA    Zip Code: 200120

Prisoner Inmate or A Number (if applicable):

**Signature**  s/ Brittany A. Stillwell    **Date**  09/17/2024

*Complete and file with the attached representation statement in the U.S. District Court*

Feedback or questions about this form? Email us at forms@ca9.uscourts.gov

Form 1                                                                                           Rev. 06/09/2022

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**Form 6. Representation Statement**

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form06instructions.pdf*

**Appellant(s)** *(List **each** party filing the appeal, do not use "et al." or other abbreviations.)*

Name(s) of party/parties:

| Brittany A. Stillwell |

Name(s) of counsel (if any):

| appearing in pro per |

Address: | 8 Century Avenue, IFC Tower 2, Floor 8, Shanghai, China 200120 |

Telephone number(s): | 702-907-1908 |

Email(s): | info@brittstillwell.com |

Is counsel registered for Electronic Filing in the 9th Circuit?    ● Yes    ○ No

---

**Appellee(s)** *(List only the names of parties and counsel who will oppose you on appeal. List separately represented parties separately.)*

Name(s) of party/parties:

| ONNI REAL ESTATE IX, LLC and ONNI REAL ESTATE HOLDINGS LTD |

Name(s) of counsel (if any):

| Fred R. Vasquez (State Bar No. 276870)<br>Christina Loni (State Bar No. 312541) |

Address: | 901 Via Piamonte, Suite 205, Ontario, California 91761 |

Telephone number(s): | 909 987 5240 |

Email(s): | fvasquez@wshblaw.com & cloni@wshblaw.com |

*To list additional parties and/or counsel, use next page.*

Feedback or questions about this form? Email us at *forms@ca9.uscourts.gov*

---

**Form 6**                                                        1                                           *New 12/01/2018*

Continued list of parties and counsel: *(attach additional pages as necessary)*

**Appellants**

Name(s) of party/parties:

Name(s) of counsel (if any):

Address:

Telephone number(s):

Email(s):

Is counsel registered for Electronic Filing in the 9th Circuit?   ○ Yes   ○ No

**Appellees**

Name(s) of party/parties:

KIMBALL, TIREY & ST. JOHN LLP and CHRIS JAMES EVANS

Name(s) of counsel (if any):

Eli Gordon (State Bar No. 252823)
Tiffany D. Truong (State Bar No. 292463)

Address: 915 Wilshire Blvd., Suite 1650, Los Angeles, California 90017

Telephone number(s): 213-337-0050

Email(s): Eli.Gordon@kts-law.com & Tiffany.Truong@kts-law.com

Name(s) of party/parties:

Name(s) of counsel (if any):

Address:

Telephone number(s):

Email(s):

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*